# Whatley *et al. v.* Reese.

*Action to enforce Mechanics and Material-man's Lien.*

1.    *Contract; when sufficiently executed, although not signed by one of the parties.*—Where a contract providing for the performing of certain labor is written in duplicate and signed by one of the parties to the contract, and the copy is delivered to each of the parties and the contract is accepted and acted on by each of them, it becomes a binding obligation, although it was not signed by the other party to the contract; and in an action to recover for work and labor performed under such contract, said instrument, so executed, is admissible in evidence.

2.    *Action for work and labor done; when judgment upon a quantum meruit proper.*—Where, in a complaint, the plaintiff claims of the defendant a certain sum "for labor and materials furnished and used by plaintiff under a contract made with the said defendants for repairing" a certain building, such complaint does not count upon a contract, but is a suit on a common count for labor done and material furnished; and, therefore, a judgment in favor of the plaintiff upon a *quantum meruit* is not erroneous.

3.    *Action upon a contract; admissibility of parol evidence.* While a written contract can not be contradicted or varied by parol evidence, it is permissible, where the writing does not purport to set out the whole contract, to show, by parol other stipulations not inconsistent with those expressed.

4.    *Trial without jury; review on appeal.*—Where a case is tried

by the court without the intervention of a jury and the evi-
dence is conflicting, the judgment will not be reversed unless
it is plainly erroneous.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

This was an action brought by the appellee, L. R.
Reese, against the appellants, constituting the Board
of Trustees of the Anniston Normal and Industrial
School; seeking to recover an amount alleged to be due
the plaintiff for work and labor done in the repairing
of the school building, and to have a lien declared on
said building to secure the payment of said amount.

The defendants pleaded the general issue, and a spe-
cial plea, the substance of which is set out in the opin-
ion.

On the trial of the cause, the plaintiff introduced in
evidence a verified account and claim of lien which was
recorded in the office of the judge of probate, showing
that there was a balance due the plaintiff for labor per-
formed and material furnished under a contract in re-
pairing the school building. After the plaintiff as a wit-
ness in his own behalf had identified the paper as the
contract under which he had made the improvements,
he introduced said paper in evidence, which was in
words and figures as follows: "Anniston, Ala., August
17, 1898. I, A. A. Battle, agree to furnish sand, brick,
rock, and cut out foundation, water and all lumber in
old church, part of the first part. Part of the second
part, L. R. Reese, agrees to furnish all the remainder
of the material and do all the work according to speci-
fication on said basement by A. A. Battle, a complete
turnkey job for the sum of $275. The said A. A. Battle
is to pay from time to time as much as possible until
said claim is paid. Duplicate. (Signed) A. A. Battle."
The defendants objected to the introduction of this
paper in evidence, "because it was illegal and incompe-
tent and incomplete as a contract, and was not signed by
Reese, the plaintiff." The court overruled the objection,
allowed the paper to be introduced in evidence, and to
this ruling the defendants duly excepted. It was shown
by the evidence that the said contract was made in dup-

licate and was signed by A. A. Battle; that one of the copies was left with the plaintiff, and that the other was retained by said Battle. The tendencies of the other evidence in the case are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury. Upon the hearing of all the evidence, the court rendered judgment in favor of the plaintiffs, from which judgment the defendants prosecute the present appeal.

A. F. McGHEE and T. C. SENSABAUGH, for appellants. The court erred in admitting in evidence the contract sued on. The contract was made by A. A. Battle in his own name, and there is nothing to show but that Reese, the plaintiff, contracted with him upon his own personal credit and responsibility. Battle is not a party to the suit. The defendants are fifteen persons who are sued as trustees of the Anniston Industrial and Normal School. The burden was on the plaintiff to prove that Battle had authority to make such contracts as the one sued on, and that in making this contract he acted for the trustees; and especially should his authority and intention, in the absence of proof, not be inferred or presumed, since he did not assume to bind the trustees, but contracted in his own name.—*Bell v. Teague*, 85 Ala. 211.

CALDWELL & JOHNSTON, *contra*, cited *Davis v. Badders*, 95 Ala. 348; *Woodrow v. Hawving*, 105 Ala. 240; *Scarbrough v. Borders*, 115 Ala. 436.

HARALSON, J.—1. The first contention of defendants below, appellants here is, as stated in brief of counsel, that the court erred in admitting in evidence the contract made by A. A. Battle in his own name, for that there is nothing to show that Reese did not contract with Battle on his own personal credit and responsibility.

The precise objection raised against the introduction of the written agreement in evidence was,—"because it

was illegal and incompetent as a contract, and it is not signed by Reese, the plaintiff." All other grounds of objection to the introduction of the paper as evidence than the ones specified, must be treated as waived. There is no such objection to the introduction of the paper as that urged in argument. If it was made by Battle with the plaintiff for the defendants, it was not illegal and incompetent. The other objection, that it was not signed by Reese, is of no avail. To be binding on the defendants, if made by Battle for them, it need not have been signed by Reese, if he accepted and acted under it. Besides, the proof shows, without conflict, that the contract was executed by Battle in duplicate, he retaining one copy, and the other was delivered to the plaintiff. This made it as binding on him as if his signature had been attached to it.—*Amer. O Extract Co. v. Ryan*, 104 Ala. 267, 274; *Mouton v. L. & N. R. R. Co.*, 29 So. Rep. 602; *infra*, 1 Parsons on Cont. 493; 3 Am. & Eng. Ency. Law, 874.

2. The complaint alleges a contract between the plaintiff and defendants out of which the suit grows, and the defendants, not denying their ownership of the lot of land and building thereon in the city of Anniston, on which the plaintiff's lien as a contracting mechanic was sought to be fixed, do allege in their plea that they were not indebted to the plaintiff as alleged in the complaint, and set up a contract,—"that the said plaintiff undertook and agreed for a price named, to make certain repairs, changes and improvements in and about the said building, upon which the said lien is sought to be enforced, and that he failed and refused to carry out said agreement." This recognizes a contract between them and the plaintiff, for work and labor such as is referred to in said written instrument. Furthermore, they set out in their plea what the contract of plaintiff with them was, for the work to be done, and materials to be furnished. The proof is clear enough reasonably to show, that Battle acted in the premises, not for himself individually, but for the defendants, as their agent, and this is nowhere denied, except in the argument of counsel. There is no pretense that Battle

owned the property, but the evidence tends to show that he was interested simply, to the extent of expecting on the 1st of October following, to open a school in the building to be repaired.

3. Another ground of error assigned is, that "the court erred in rendering judgment upon a *quantum meruit*, when the suit was upon a contract." There is no merit in this assignment. The complaint is, that "the plaintiff claims of defendant $183 with the interest thereon since November 1st, 1899, for labor and materials furnished and used by plaintiff under a contract made with the said defendants for repairing a certain building (describing it), and which amount is due the plaintiff as an original contractor for said repairs, after all just credits therefrom." This is not a count on a contract. No contract with an averment of its breaches is set out; but the suit is on a common count for labor done and materials furnished. The complaint, as for the remainder, seeks to have the amount due plaintiff ascertained by the judgment of the court, for the purpose of enforcing his lien upon the lot and building thereon, in repairing which the materials and labor furnished by him under his contract entered, concluding with a prayer, that the lot and building thereon be subjected to sale for the payment of the amount so ascertained to be due and owing. The complaint seems to be aptly drawn under section 2723 of the Code creating a lien in favor of mechanics and materialmen, and no objection was interposed to its sufficiency.

It will be noticed, that the contract introduced in evidence, admissible as tending to show the value of the labor and materials furnished, is loosely and inartificially drawn. It does not specify in detail,—but mentions in very general terms,—what the work to be done and the character and amount of the materials to be furnished were; nor does it show by what time the work was to be completed. These details of the work and materials are not set out in the written agreement, but rested in parol. To the extent that such parts of the agreement were not contradictory of that which was written, they were susceptible of parol proof.—*Murphy*

v. *Farley*, 124 Ala. 279; *Huckabee v. Shepherd*, 75 Ala. 342; *Powell v. Thompson*, 80 Ala. 51. The court allowed liberal latitude on both sides in the introduction of evidence, to clear up the obscurities of the writing; but at last, for this purpose, the evidence was in conflict.

4. There was evidence on the part of the plaintiff, tending to show that he had performed the work he did in a workmanlike manner, and on the part of defendants, that he had not so performed his contract. The evidence also tended to show, that plaintiff was prevented from completing the work under his agreement therefor, by the active interference of the defendants. These issues the court, under the evidence, may well have determined in favor of the plaintiff. We are unable to hold that the court erred in so doing, or in the amount of the judgment rendered.

Affirmed.