# Fulenwider *v.* Rowan *et al.*

*Action to recover Damages for Breach of Contract for Sale of Land.*

1. *Option; definition thereof.*—An option is a contract by which the owner of property agrees with another that he shall have the right to buy the property at a fixed price within a cer-

[Fulenwider v. Rowan *et al.*]

tain designated time; and time is always of the essence of such contract.

2. *Option; contract for sale of land; when shown to exist.*—When an option is given for the purchase of land upon a consideration which is merely nominal compared to the purchase price, and within the time specified for the exercise of the option the purchaser pays nearly one-half of the purchase price, and on the back of the option the owners of the land acknowledge the receipt of said sum "on account of the purchase price named in the within option," stating the amount paid by the purchaser on account of the purchase money, and further stipulate in said writing that in consideration of such payment the vendors agree "to extend the time for the payment of the balance of the purchase money for a period of twelve months from this date with interest thereon at six per cent. per annum," and further agree that the said purchaser "may at any time pay the balance of the purchase money with interest then due," and that upon such payment being made, the vendors would execute to the purchaser titles according to the terms of the option, such last agreement is a declaration on the part of the purchaser to exercise his option and constitutes a contract for the sale of the lands at the price therein stipulated, without any element of an option contract in it.

3. *Same; same; same; when contract not unilateral.*—When the owner of land gives an option of purchase thereof and within the time designated for the exercise of the option the purchaser pays a substantial portion of the purchase price, and thereupon the owner acknowledges receipt of the payment of such part of the purchase price, and agrees that in consideration of said payment he will extend the time for the payment of the balance of the purchase money for a designated period, and further agrees that the purchaser may at any time pay the balance of the purchase money with interest, and that upon such payment the owner will execute a conveyance of title to the purchaser, and the second agreement is signed only by the owners of the land and not by the purchaser, but is accepted and acted on by the purchaser, such second agreement is not unilateral.

4. *Contract for sale of land; when conveyance independent and not condition precedent.*—Where a contract for the sale of land is entered into and a substantial part of the consideration is paid by the purchaser any covenants and undertakings in said contract are independent and not conditions precedent.

[Fulenwider v. Rowan *et al.*]

5. *Same; same; what necessary to maintain action.*—In the execution of a contract for the sale of land where a substantial·part of the consideration is paid and actually received by the vendor, and the covenants or stipulations refer only to·a part of the consideration, and a breach on the part of the purchaser may be compensated in damages, an action may be maintained by such purchaser against the vendor to recover damages for the breach of said contract, without averring performance by the plaintiff.

6. *Contract; when time is of the essence thereof.*—Time is not of the essence ·of the contract unless it is .so expressly stipulated by the parties or it necessarily follows from the circumstances of the particular case.

7. *Contract; waiver of forfeiture.*—There.may be the waiver of the forfeiture of a contract without consideration or as matter of estoppel, if there is conduct from which it may be reasonably implied that it was not the purpose of the parties to insist upon a forfeiture.

APPEAL from City Court of Anniston.

Tried before the Hon. THOS. W. COLEMAN, JR.

The appeal in this case is from a judgment of the trial court sustaining demurrers interposed by the defendant to the plaintiff's complaint.

The action was brought by the appellant, A. L. Fulenwider, against the appellees, to recover damages for the alleged breach of .a contract entered into between the plaintiff and the defendant. The complaint originally filed contained four counts. The demurrers to the first, second and fourth counts were overruled, and therefore, for the purpose of this appeal, it is unnecessary to set out these counts at length. The third count as originally filed was in words and figures as follows: "3rd count; plaintiff claims of the defendants the further sum of thirty thousand dollars, for that heretofore, to-wit, on the 15th day of June, 1900, at Jacksonville, in said county and State, the defendants made and entered into a written contract with plaintiff, in words and figures as follows, to-wit: 'State of · Alabama, Calhoun county.—Know all men ·by these presents that we, W. H. Dean, Walter Dean, George H. Rowan, and John F. Rowan, for and in consideration of the sum of

19c

[Fulenwider v. Rowan *et al.*]

five hundred dollars to us in hand paid by A. L. Fulenwider, the receipt whereof we do hereby acknowledge, we do hereby promise and agree to sell and convey to the said A. L. Fulenwider, his heirs, executors, administrators, or to any person to whom he may transfer or assign this instrument at any time within sixty (60) days from the date hereof, upon the further payment by him, his heirs, or assigns, to us of nineteen thousand five hundred dollars cash, the following property, viz: [Here follows description of property]. It is expressly understood between the parties to this instrument, their heirs and assigns, that the option hereby conveyed to the said A. L. Fulenwider to purchase the above partially described property at the price herein designated, shall not extend beyond the time herein named, and if the said A. L. Fulenwider, his heirs or assigns, shall tender to us the said sum of nineteen thousand five hundred dollars, cash, at any time within sixty (60) days from the date hereof, we promise, agree and bind ourselves to sell and convey to him or to his assigns, or heirs the above partially described property, by deed, with covenants of warranty against ourselves and our heirs. And if the said A. L. Fulenwider, his heirs or assigns, shall not tender or offer to pay the said sum of nineteen thousand five hundred dollars, cash, by the time named in this instrument, then this option contract shall be null and void and of no effect. [Then follows stipulations as to furnishing abstracts in case of purchase under option and as to rents, etc.]' [Signed by defendants.] And plaintiff avers that upon the execution of said contract he paid to said defendants the said sum of five hundred dollars, as provided in said contract, and plaintiff avers that thereafter, on to-wit, the 17th day of July, 1900, he paid the said defendants the further sum of seven thousand and five hundred dollars, and said defendants then and there in consideration of said payment made a further and additional contract in writing in respect to said lands referred to in said contract first hereinabove mentioned in words and figures as follows, to-wit:

[Fulenwider v. Rowan *et al.*]

'Received of A. L. Fulenwider the sum of $7,500.00 on account of purchase price named in the within option, making in all the sum of $8,000.000 paid by him on account of the purchase money, and in consideration of the paymnet we do hereby agree to extend the time for the payment of the balance of the purchase money for the period of twelve months from this date, with interest thereon at six per cent. per annum, and do hereby agree that the said Fulenwider may at any time pay the balance of the purchase money with interest then due, and that we will, upon payment being made, execute to him the titles according to the terms of this option. Jacksonville, Alabama, July 7th, 1900.     [Signed by defendants.]'

"And plaintiff avers that on, to-wit, the 21st day of November, 1901, plaintiff notified said defendants that he was ready, able and willing to pay the balance due on said purchase money upon the delivery of a deed in conformity to said contract, and afterwards, on, to-wit, the 28th day of November, 1901, and on, to-wit, the 10th day of December, 1901, plaintiff demanded of said defendants that they execute said deed and offered then and there to pay to said defendants the balance of said purchase money in accordance with said contract on the delivery of said deed, and afterwards, on, to-wit, the 24th day of December, 1901, plaintiff tendered to said defendants a deed of conveyance to said lands to be executed by said defendants, with the request that they execute and deliver the same upon the payment of the balance due on said contract, which said balance plaintiff then and there offered to pay, and said defendants accepted and retained said deed tendered by plaintiff as aforesaid, and neglected or refused to deliver said deed, although in duty bound so to do, to the damage of plaintiff as aforesaid, wherefore he sues."

To this original third count of the complaint the defendant demurred upon several grounds which may be summarized as follows: 1. For that it appears from said count that the balance of the purchase money was to have been paid within twelve months from July 17th, 1900, the date of the new and second contract, and that the plaintiff did not demand deed from defendant or tender or offer to pay the balance of the purchase money

[Fulenwider v. Rowan *et al.*]

within said twelve months from July 17th, 1900. 2. For that it appears from said count that plaintiff did not comply with the contract of July 17th, 1900, in that he did not tender or offer to pay the balance of the purchase money within twelve months from that date and did not demand a deed within twelve months from said date. 3. For that it appears from said contract of June 15th, 1900, and July 17, 1900, set out in said third count, that the time for payment of the purchase money was the essence of the said contract for the sale of the lands, and that the balance of the purchase money was to have been paid by said Fulenwider within twelve months from July 17th, 1900, and that plaintiff never offered to pay the balance of the said purchase money until November 21, 1901, or more than twelve months after July 7th, 1900, and never tendered the said deed to the defendants to execute within the twelve months from July 17th, 1900. 4. For that it does not appear from said count that there was any mutuality of sale or contract of sale in the contract sued on, or that it was mutually binding on plaintiff and defendants to purchase and sell at the time it is alleged that plaintiff caused a deed to be prepared and tendered to defendant for their execution or at any other time. 5. For that it does not appear that there was any written agreement made by defendants to convey the property mentioned therein to the plaintiff which was accepted by him, or that the plaintiff in any wise ever bound himself to pay to defendants any sum of money or anything else for said property. 6. That it appears from said count that plaintiff did not bind himself to pay anything for the property mentioned therein, and did not bind himself to accept the offer of the defendant to sell and convey said property; that the agreement of the 15th of June, and 17th of July, 1900, in said count set forth, was unilateral merely, and required plaintiff to avail himself of the benefit of it by accepting and complying with its terms within twelve months from the 17th of July, 1900; the plaintiff did not so avail himself of the benefits of said optional agreement, or make any effort to do so within the time therein specified; that said time or times were the essence of said agreements, and that

[Fulenwider v. Rowan *et al.*]

plaintiff has not brought himself within the influence of their "saving grace." 7. For that said count shows that there never was any contract entered into by these defendants with this plaintiff for the sale of the lands mentioned therein, that is, enforceable in a law forum, or that would entitle either party to recover damages in a suit at law for a breach thereof.

These demurrers were sustained, and thereupon the plaintiff amended the 3d count by inserting immediately after the contract of July 17th, 1900, and before the words "And plaintiff avers that on to-wit, the 21st day of November, 1900," &c., the following averments: "And plaintiff alleges that within twelve months after the 17th day of July, 1900, on to-wit, the 13th day of July, 1901, the defendants consented and agreed to extend the time within which the balance of said purchase money was to be paid for three months from and after said 17th day of July, 1901, and plaintiff avers that after the expiration of said three months from and after said 17th day of July, 1901, the defendants with full knowledge that the balance of said purchase money had not been paid by the plaintiff, treating said contract as subsisting and entered into negotiations with plaintiff as to the form of the deed which defendants should execute in execution of said contract, and afterwards on, to-wit, the 4th day of January, 1902, defendants expressed a willingness to execute a conveyance to plaintiff for an undivided seven-eights interest in and to the property described in said contract in satisfaction of said contract, if plaintiff would then and there, on, to-wit, the 4th day of January, 1902, or within a reasonable time thereafter pay the said defendants the sum of $12,805.00, which defendants claimed to be the balance then due under said contract. And plaintiff further avers that said defendants waived the breach of said contract by plaintiff, if any such breach existed, in the non-payment of the balance of said purchase money within the time limited by said contract, or the time to which it was extended as aforesaid."

The plaintiff also amended his complaint by adding additional counts Nos. 5, 6, 7, 8, and 9. Demurrers to the 7 and 8 were overruled, and for that reason it is unnecessary to set out these counts at length. The 5, 6, and 9 counts were in words and figures as follows:

[Fulenwider v. Rowan *et al.*]

"5th Count: Plaintiff claims of the defendants the further sum of $30,000 and for cause of action refers to and adopts the language of the 3d count of the complaint, down to and including the contract of July 17th, 1900, as therein set forth, and adds thereto the following: And plaintiff further avers that the defendants extended the time within which the balance of said purchase money was to be paid for three months from and after said 17th day of July, 1901, and waived the breach of said contract by the non-payment of said balance of purchase money within the time limited, if there was such breach, by treating said contract as still subsisting, and entering into negotiations with the plaintiff in respect thereto.

"And plaintiff avers that on, to-wit, the 21st day of November, 1901, plaintiff notified said defendants that he was ready, able and willing to pay the balance due on said purchase money upon the delivery of a deed in conformity to said contract, and afterwards on, to-wit, the 28th day of November, 1901, and on, to-wit, the 10th day of December, 1901, plaintiff demanded of said defendants that they execute said deed, and offered then and there to pay said defendants the balance of said purchase money in accordance with said contract on the delivery of said deed; and afterwards, on, to-wit, the 24th day of December, 1901, plaintiff tendered to said defendants a deed of conveyance to said lands to be executed by said defendants, with the request that they execute and deliver the same upon the payment of the balance due on said contract, which said balance plaintiff then and there offered to pay, and said defendants accepted and retained said deed tendered by plaintiff as aforesaid, and neglected or refused to deliver said deed, although in duty bound to do so, to the damage of plaintiff as aforesaid, wherefore he sues."

"6th Count: Plaintiff claims of the defendants the further sum of $30,000 and for cause of action refers to and adopts the language of the 3d count of the complaint, down to and including the contract of July 17th, 1900, as therein set forth, and adds thereto the following: And plaintiff avers that the balance of the purchase money to be paid under said contract was to be ascertained and

determined by charging this plaintiff with interest on said $12,000 and charging plaintiff with certain disbursements made by the defendants or some of them on account of certain repairs to said property or other expenditures made by said defendants in respect to said property or the cultivation or operation thereof by certain tenants or persons in possession thereof, and crediting plaintiff with the rents received by the defendants for the use and occupation of said lands during the continuance of said contract, and plaintiff avers that the defendant alone had knowledge of the amount of such rents and disbursements, and plaintiff was ignorant of the amount thereof, or the amount to be paid by him under said contract, and was never informed by the defendants of the balance claimed to be due by them under said contract until, to-wit, the 4th day of January, 1902." And then there follows the same averments as contained in last paragraph of the 5th count in reference to plaintiff offering to pay the balance and tendering deed, and etc.

"9th Count: Plaintiff claims of the defendants the further sum of thirty thousand dollars and for cause of complaint refers to and adopts the language of the third count of the complaint, down to and including the contract of July 17th, 1900, and adds thereto the following: And plaintiff avers that said contract was executed as aforesaid, the defendants agreed to collect, for and on account of the plaintiff, the rents due and to become due for the use and occupation of said lands during the continuance of said contract, and to render an account thereof to the plaintiff, and to credit plaintiff therewith, and plaintiff was to pay defendants only the difference between the $12,000 with interest thereon, and the rents thus collected by defendants, after deducting therefrom any and all proper and legal disbursements made by the defendants for and on account of plaintiff; and plaintiff avers that after the execution of said contract, and during said twelve months, defendants collected a large sum for and on account of the rent of said premises, which said amount, thus collected, less any proper disbursement made by the defendants, was and is a proper credit on said balance of purchase money, and plaintiff avers that the defendants never rendered any account to

[Fulenwider v. Rowan *et al.*]

plaintiff of such collections and disbursements, and plaintiff was not informed and did not know how much he was entitled to be credited with, or what the real balance to be paid to defendants under said contract was, and plaintiff avers that defendants never demanded of plaintiff the payment of the balance due under said contract and never notified plaintiff what said balance was until on, to-wit, the 4th day of January, 1902, when defendants claimed a balance of $12,805.00, but rendered no account of receipts and disbursements." There then follows the same averments as contained in last paragraph of fifth count in reference to plaintiff offering to pay balance and tendering deed, etc.

To the 3d count as amended the defendant demurred upon all the grounds assigned to the 3d count as originally filed and also upon several additional grounds, which may be summarized as follows: 1. For that it does not appear in said count that defendants were bound to convey on December 24th, 1901, or January 6th, 1902, the times plaintiff demanded a conveyance. 2. It does not appear that defendants consented and agreed in writing to extend the time within which the balance of said purchase money was to be paid for three months from and after the said 17th day of July, 1901, or that they ever signed any such agreement in writing or that it was ever signed by any one of them, duly and lawfully authorized thereunto in writing. 3. It does not appear how or wherein said defendants treated the said contract of July 17th, 1900, as subsisting, or how they entered into negotiations and what the negotiations were with plaintiff as to the form of the deed which defendants should execute in execution of the said contract. 4. It does not appear from said amended count that plaintiff offered to pay the balance of said purchase money or tender said deed for execution within the said three months from the 17th day of July, 1901, or at any time when defendants were legally bound to execute the same. 5. It does not appear from said count that plaintiff ever availed himself of the alleged offer of January 4th, 1902, or within a reasonable time thereafter, offered to pay the defendants the said sum of $12,805.00 which defendants, it is alleged, claimed as the actual balance due under

[Fulenwider v. Rowan *et al.*]

the contract.  6. It does not appear how or wherein said defendants waived the breach of said contract by plaintiff, in the non-payment of the balance of the purchase money within the time limited by the said contract or the time to which it was extended as alleged.  7. All the facts set out in said count do not show that the contract was not unilateral, or that time was not of the essence, or that plaintiff availed himself of the same within the time allowed.

To the 5th count the defendant demurred upon the same grounds as were assigned to the third count as amended and upon the following additional grounds:  1. It does not appear that at the time when the said plaintiff first notified the defendants that he was ready, willing and able to pay the balance of said purchase money, viz, November 21st, 1901, that the defendants were under any legal obligation to convey at said time.  2. It does not appear that the defendants were under any legal obligation to convey on November 21st, 1901, or November 28th, 1901, or the 10th day of December, 1901, or December 24th, 1901, or the said agreement of July 17th 1900, had been duly and legally extended to the said date or dates.  3. It does not appear that on, to-wit, the 24th day of December, 1901, the time it was alleged that defendants were to execute deed that defendants were under any obligation to convey at that said date.

To the 6th count the defendant demurred upon the same grounds that were interposed to the 3d count as amended and upon the following additional grounds: 1.  It does not appear from said count that plaintiff ever sought to know or to find out from defendants the amount of said receipts and disbursements or the amount to be paid by him under the said contract prior to November 21st, 1901.  2. It is not averred or shown in said count that on the 21st day of November, 1901 defendants were under any obligation to convey the land to plaintiff upon his tender of the payment of the balance of the purchase money or that plaintiff ever prior to November 21st, 1901, sought to know or to find out from defendants what was the actual balance due and owing to defendants by plaintiff.  3.  The contracts referred to in this count show upon their face that the items of interest, rents and disbursements referred to in the count cut

[Fulenwider v. Rowan *et al.*]

no figure unless plaintiff availed himself of the option contained in the contracts within the time named in the contracts, and it is not shown or averred he has done so.

To the 9th count the defendant demurred upon the same grounds as were assigned to the 3d count as amended, and upon the following additional grounds: 1. It does not appear how or wherein defendants accepted said deed tendered by the plaintiff. 2. The fact that defendants claimed $19,805.00 to be the balance due on January 4th, 1902, would not create a valid sale of said lands, if before that there had been no sale of said lands.

The demurrers to the 3d count as amended, and to the 5, 6 and 9 counts were sustained. From the judgment sustaining said demurrers to said counts the plaintiff appeals and assigns as error the judgment sustaining said demurrers.

LONDON & LONDON, for appellants.—We contend that this being an agreement to sell land and a substantial part of the consideration having been paid, the covenants and undertaking in the agreement are independent and are not in any sense conditions precedent. The rule seems to be well settled that where covenants go to the whole consideration on both sides, they are mutual conditions, the one precedent to the other, but where the conditions go only to a part, they are independent covenants. Addison on Contracts, p. 191; 2 Parsons on Contracts, 529; *Stavers v. Curling*, 3 Bing. N. C. 367; *Milldam Foundry v. Hovey*, 21 Pick. 417; *Kaufman v. Raeder*, 108 Fed. Rep. 171; *Weaver v. Childress*, 3 Stew. 361; *Monroe v. Reynolds*, 47 Barb. N. Y. 574.

Concerning the manner in which a plaintiff might avail himself of the defendant's failure to perform in a particular way or time, it is said by an eminent text writer: "An action having been brought upon the original contract, if the defendant set up that the plaintiff had not himself performed according to its terms, the plaintiff may reply that he was ready to do so, but that it was dispensed with by the defendant assenting to a substituted performance, and his proof of such change is not considered a variance from the declaration."

[Fulenwider v. Rowan *et al.*]

Browne Stat. Frauds, § 425. 1 Chitty Pleading (16 Am. ed.) *p. 333; *German Institute v. Machine Co.*, 70 Fed. Rep. 146.

Time is not the essence of the contract unless made so by express stipulation, or necessarily implied.—*Browne v. Guarantee Co.*, 128 U. S. 403. Where time is not of the essence of a contract, in order to forfeit the rights of one of the parties thereunder, notice must be given him requiring performance within a reasonable time.—*Myers v. Lemcir*, 52 N. Y. 647.

And even where time is made the essence of a contract, the failure to comply within the time, will not work a forfeiture or defeat specific performance, where such condition is complied with within a reasonable time, and nothing has intervened to render it unjust or inequitable.—*Camp Co. v. Parker*, 91 Fed. 705; *Cheney v. Libby*, 134 U. S. 68.

In support of our position that the failure to pay or tender the balance of the purchase money at the exact time provided for in the contract does not put an end to the contract, and deprive the purchaser of a remedy at law, we refer to *Raymond v. Bearnard*, 12 Johns. Rep. 274; *Hudson v. Swift*, 20 Johns. Rep. 24; *Gillett v. Maynord*, 5 Johns. Rep. 87, and the cases cited.

The facts alleged show a clear waiver by appellees of any supposed breach of the contract by appellant.— *Ala. Ins. Co. v. Long*, 123 Ala. 667; *Ga. Home Ins. Co. v. Allen*, 30 So. Rep. 537; *Shouse v. Dorn*, 21 So. Rep. 807; *Acker v. Bender*, 33 Ala. 230; *Stewart v. Cross*, 66 Ala. 22; *Frank v. Pickens*, 69 Ala. 369-371; *Lowery v. Peterson*, 75 Ala. 109; *Dumpor's Case*, 1 Sm. Lead. Cas. top. p. 110; *Wolf v. Willetts*, 35 Ill. 88; *Stow v. Russell*, 36 Ill. 18; *Grigg v. Landis*, 21 N. J. Eq. 494; *Hutchings v. Munger*, 41 N. Y. 158.

A waiver need not be by affirmative act; any seeming acquiescence, laches or estoppel will accomplish the same end.—*Bailey v. Tibbets*, 70 Maine 70. Here, it is expressly averred in the complaint, and admitted by the demurrer, that after the alleged breach the appellee recognized the contract as still subsisting, and negotiated with the appellant in regard to its execution, a course of conduct entirely inconsistent with the theory that the contract had been annulled. Besides there is a well

[Fulenwider v. Rowan *et al.*]

settled principle of law that a party who desires to abandon or rescind a contract by reason of a breach of it by the opposite party must act promptly and decisively upon first discovering the cause for recission, and if he negotiates with the party afterwards and lets the contract go on, he waives the right to abandon it.— *Griggs v. Woodruff*, 14 Ala. 16; *Coleman v. Bank*, 115 Ala. 307; *Shouse v. Dorn*, 21 So. Rep. 807.

J. J. WILLETT and MATTHEW & WHITESIDE, *contra.*— At law, time is always of the essence of a contract; that is to say, if a person promises another to do a certain thing in a certain time, in consideration that the other do something for him in a certain time, the thing must be done within the time or the latter is discharged from his promise. A different rule applies in equity, but it is always open even in equity to the parties to make time the essence of the contract either by stipulation or by implication from the nature of the subject matter, but as stated above at law time is always of the essence of a contract.—Bishop on Contracts, (Enlarged Edition) Sections 1344-77; Clark on Contracts, (H. B. Series), 596; *McKernan v. Valleau*, 51 Atlantic Reporter (Rhode Island) 102; *Jones v. United State*, 96 U. S. 24; *Haggerty v. Elyton Land Co.*, 89 Ala. 432; *Hayes v. Hall*, 4 Port. 374; *Ross v. Parks*, 93 Ala. 156. Where the contract expresses the time within which the act is to be done, the question is one of construction by the court and not of fact for the jury; and when time is of the essence of the contract, stipulations in regard to it will be held conditions precedent and no action will lie at law when there has been failure to perform within the time stipulated.—II Benjamin on Sales, (Corbin's Edition) §§ 901 and 1024; *Jones v. United States*, 96 U. S. 24; *Slater v. Emerson*, 19 Howard, 224; *Governor v. Tillotoon*, 3 Edwards Ch. N. Y. 348.

The instrument of June 15th, 1900, was a mere option and that of July 7, 1900, was in effect a mere extension of the time to twelve months thereafter, and time was of the essence of both contracts.—*Martin v. Morgan*, 87 California, 203; 22 Am. St. Rep. 240 and note; *Green v. Covillaud*, (10 Cal. 317) 70 Am. Decision 725 and note;

*Ross v. Parks,* 93 Ala. 156. In the case of *Thornton v. Sheffield & Birmingham Rwy. Co.,* 84 Ala. 109, the principle therein decided is very much like the case at bar. It was there held that where one executes an instrument binding herself to convey a right of way to certain persons on condition that they shall commence the construction of a railroad within four months and complete it through certain counties within three years, time is of the essence of such an agreement and upon failure to comply with these conditions compensation may be recovered for such right of way **notwithstanding** the railroad was built after the time specified.

These two contracts of June 15, 1900, and July 17, 1900, which are connected by reference to each other must be construed as if they formed a single instrument in order to ascertain the intent of the parties.—*Jordan v. Jordan,* 65 Ala. 301; *Robbins v. Webb,* 68 Ala. 393; *Byrne v. Marshall,* 44 Ala. 355.

So construed they show on their faces that time was of the essence of the contract. They are in effect nothing more than options or unilateral contracts.—*Ide v. Leiser,* 24 Amer. St. Rep. 17; *Martin v. Morgan,* 22 Amer. St. Rep. 240; *Atlee v. Bartholomew,* 5 Am. St. Rep. 103.

In the construction of a contract in writing the whole instrument must be considered, and all its parts must, if possible, be so construed as to give to each effect and validity.—*Comer v. Bankhead,* 70 Ala. 136.

There was no mutuality in the said contracts, if it is said they were contracts of sale. Plaintiff not only did not sign them, but there is not one word in either of said contracts which binds him to accept defendant's offer to sell said lands, or to pay defendants anything further for the lands. The contract of July 17, 1900, was also unilateral and plaintiff failed to perform the requirements of said contract to make it binding on defendants.—*Young v. Latham,* 31 So. Rep. 448.

Contracts must be binding on both parties to sustain an action at law by either to recover for a breach thereof. It is indispensable to the validity of a contract that it should be mutually obligatory upon both parties, or it will be binding upon neither.—*Bank v. Steele,* 10 Ala.

916; *Wilkes v. G. P. R. R. Co.,* 79 Ala. 180; *Evans v. Cincinnati S. & M. R. R. Co.,* 78 Ala. 341; *Atlee v. Bartholomew,* 69 Wis. 43; (5 Amer. St. Rep. 102).

The insistence of the plaintiff that the agreement of July 17th discharged the one of June 15th, is untenable. Clark on Conracts, 612. If the contract sued on was in any manner discharged before the bringing of the suit and the discharge was the result of plaintiff's act, he cannot maintain this action on it.—Clark on Contracts, page 694; *Atlee v. Bartholomew,* 5 Amer. St. Rep. 117.

In the amended 3d count as well as in counts 5, 6, and 9, plaintiff set up an extension for three additional months after the twelfth month, but he fails to aver any consideration for the extension.—*Ross v. Parks,* 93 Ala. 56.

It would follow from this that an extension of an option must also be founded upon a valuable consideration; otherwise the extension would be without consideration, and a *nudum pactum.* In fact it has been so expressly held in *Coleman v. Applegate,* 68 Maryland, 21; *Same case,* 6 Amer. St. Rep. 47; *Ide v. Leiser,* 24 Amer. St. Rep. 17.

In Alabama an agreement to extend the time of payment of a promissory note is without consideration unless supported by a new and valuable consideration.—*Tuscaloosa Co. v. Perry,* 85 Ala. 158; *Savage v. Bank,* 112 Ala. 508; *Maness v. Henry,* 96 Ala. 454.

It is not stated whether the alleged three month's extension or the so called negotiations made by the defendants after sale were in writing or not. If the extension and negotiations were oral or not they were void because the whole of the contract for the sale of real estate must be in writing.—*Atlee v. Bartholomew,* 5 Am. St. Rep. 103; *Abell v. Munson,* 18 Mich. 306; *Same case,* 100 Amer. Dec. 165 and note; *Oliver v. Ala. Gold Life Ins. Co.,* 82 Ala. 417.

HARALSON, J.—1. The real question in this case is the proper construction of the two contracts between the parties, one of the 15th June, 1900, and the other of

July 17th, 1900, in which latter the former contract is referred to.

The defendant's contention is, that the one of June 15th was a mere option, and that the later one, of July 17th, was in effect a mere extension of the time for the exercise of the option in the first, to twelve months from the latter date. Their counsel say in brief: "We contend, however, that by the express terms of that contract, the condition of payment is a condition precedent, and time is made an essential part of the contract, so that the rights of defendants under that contract were not different from what they would have been under a strict option contract." It must be admitted, and is not denied by plaintiff, that the first contract, according to the definitions of option contracts, contains all the essentials of such a contract.

A transaction between two, may be, (1) a sale of lands; (2) an agreement to sell lands, or, (3) what is generally called an option. Touching these, it has been said: "The first is an actual transfer of the title from the grantor to the grantee by appropriate instrument of conveyance; the second is a contract to be performed in the future, and if fulfilled, results in a sale; it is preliminary to the sale, and is not a sale. Breaches, rescissions or leases may occur by which the contemplated sale never takes place. The third, an option, originally is neither a sale nor an agreement to sell. It is simply a contract by which the owner of property agrees with another, that he shall have the right to buy the property at a fixed price within a time certain. He does not sell his land; he does not then agree to sell it; but he does then sell something, viz.: the right or privilege to buy at the option or election of the other party. The second party gets *in praesenti* not lands, or an agreement that he shall have lands, but he does get something of value, that is the right to call for and receive lands if he elects. The owner parts with his right to sell his lands (except to the second party) for a limited period. The second party receives this right, or rather from his point of view, he receives the right to elect to buy. * * * A present conveyance of land is an executed contract. An

agreement to sell is an executory contract. The sale of
an option is an executed contract. That is to say, the
lands are not sold. The contract is not executed as to
them, but the option is as completely sold and trans-
ferred *in praesenti* as a piece of personal property in-
stantly delivered on the payment of the price."—*Ide v.
Leiser*, 10 Montana 5, s. c. 34 Am. St. Rep. 17.

In 28 Am. & Eng. Ency. Law (1st ed.), 77, it is said:
"The right to purchase land is frequently the subject of
contract, and such right may be styled an option. It is
not an estate in land and an option is not a contract of
sale. An option must be for a limited time, and if none
is mentioned, will remain in force for a reasonable time
to be determined under all the circumstances of the case.
Time is thus always of the essence of the contract."

By the first contract, the plaintiff had to pay to de-
fendants in addition to the $500 he paid them for the
option, "the sum of nineteen thousand five hundred dol-
lars, cash, at any time within sixty (60) days from the
date hereof,"—the 15th June, 1900,—in which case, they
bound themselves to sell and convey to him or to his as-
signs, by deeds and covenants of warranty, the lands
therein described. On the 17th July following, within the
sixty days prescribed for the expression of the option,
the contract of the latter date was entered into, in which
the defendants acknowledged receiving the sum of
$7,500, "on account of purchase price named in the
within option [the latter contract having been written
evidently on the first], making in all the sum of $8,000
paid by him on account of the purchase money, and in
consideration of this payment, we do hereby agree to ex-
tend the time for the payment of the balance of the pur-
chase money, for the period of twelve months from this
date, with interest thereon at six per cent. *per annum*,
and do hereby agree that the said Fulenwider *may at
any time* pay the balance of the purchase money with
interest then due, and that we will, upon payment being
made, execute to him titles according to the terms of
this option,"—the one referred to within. Fairly inter-
preted, this last agreement was a clear declaration on

the part of plaintiff to exercise his option. On doing this, he was bound to pay the $19,500 in cash, to entitle him to a deed to the lands, unless the defendants waived the payment in cash, to payment on credit. This they were privileged to do or not, as they chose. When the plaintiff said to them that he would take the lands at the stipulated price, they agreed with him, as the contract showed,—whether proposed by him or them does not appear,—that if he would pay in addition to the $500 already paid, $7,500 in cash, they would credit him for the remaining $12,000, to be paid in a year from that date, if he would pay 6 per cent. interest on the deferred payment, which he agreed to do, and upon its payment they would execute to him titles to the land according to the terms of the option contract, which had theretofore existed between them.

If this contract had been entered into, making no reference to the other, and had contained within itself a description of the property and the character of the deed to be executed, it would have been purely a transaction or agreement for the sale of land, without any element of an option contract in it. The reference in the last to the first instrument, saved the trouble of setting out much contained in the first, without making the latter an agreement dependent on the former, except for the purposes of identification of certain things. This reference was evidently for the purpose of identifying the property contracted to be sold and the character of the deed to be executed upon the payment of the purchase money. Without this, there would have been no necessity to make any reference in the last to the first agreement. The expressions in the latter contract, such as, "paid by him on account of the purchase money," "the balance of the purchase money," etc., tend to indicate an independent transaction or agreement for the sale and purchase of the land. Such expressions do not very appropriately belong to an option to purchase within a given period of time. Again, the payment of $8,000 out of the $20,000, when $500 was the price of the option at first, would not indicate that the parties designed that

20c

[Fulenwider v. Rowan *et al.*]

the element of option within a limited period, should enter into this last transaction. Furthermore, the stipulation in the original agreement, providing for its termination and the forfeiture of the amount paid, is entirely omitted, and the purchaser was authorized to pay the balance " *at any time*," which means at any time before, or certainly after the expiration of the twelve months. Still more, the original made no provision for the payment of interest, and the substituted contract, provides for the payment of six per cent. *per annum* on the deferred payment of $12,000, neither of which provisions as to the time of payment and interest, reasonably suggest that the condition of option to purchase in a limited time was preserved. In the original, the amount paid, as compared to that to be paid, if plaintiff exercised his option and carried it out as provided was, as above shown, very small, being only one-fortieth of the entire purchase price, whereas, in the last agreement, that amount was increased by $7,500, making $8,000 paid in all; the same being within $2,000 of one-half of the entire amount to be paid. The price of the $500 option being almost nominal, it was natural that defendants should make strict provision as to the time within which it was to be expressed and performed. But, while it was competent for the parties to make the price of the option to be presently made, as large as they chose, yet, when so large and substantial a part of the purchase price was paid, the reason for such strictness in the payment of the balance ceased to be of any great importance. Retaining the title as security for the balance,— if $20,000 was the reasonable value of the property, as presumably it was,—the land was ample security for its payment, and interest that might accrue thereon.

2. The contract was not unilateral, as contended by defendants. It was mutual and binding on both parties, having been made by the one and accepted by the other. It cannot be contended, that if plaintiff, having accepted, failed to perform it, the defendants might not have enforced its performance. The consideration on each side was a promise, expressed by defendants and

implied by plaintiff. Although signed by defendants and not by plaintiff, that fact made no difference, if accepted and acted on by him. Each party to it, therefore, assumed fixed and definite obligations.—3 Am. & Eng. Ency. Law, 846, n. 4; *Howard v. Railroad*, 91 Ala. 269; *L. & N. R. R. Co. v. Fulgham, Ib.* 556; *A. O. Ex. Co. v. Ryan*, 104 Ala. 267; *Mouton v. L. & N. R. R. Co.*, 128 Ala. 538, 544.

3. The contract being one for the sale of land, and a substantial part of the consideration being paid, the covenants and undertakings in the agreement were independent and not conditions precedent. "Where a stipulation in the nature of a condition precedent has been partially performed, it ceases to be available as a condition, and becomes a stipulation by way of agreement, for the breach of which compensation must be sought in damages."—1 Addison on Contracts, § 233. Mr. Parsons states, that "the validity of many of these defenses [resting upon the acts or omissions of the plaintiff] must depend upon the question, sometimes difficult, whether the contracts are dependent or independent. There are cases, and especially some early ones, which seem to be severe and more technical than rational; but of late the courts incline to decide these questions as good sense and common justice require;" and as a rule for distinguishing them, he states: "Where the agreements go to the whole of the consideration on both sides, the promises are dependent, and one of them is a condition precedent to the other. If the agreements go to a part only of the consideration on both sides, and a breach may be paid for in damages, the promises are so far independent."—2 Parsons on Contracts, 792 bottom page, *677; 645, *528.

The rule is thus declared in 1 Chitty Pleading (16th Am. ed.), *p. 333: "Where the plaintiff's covenant or stipulation constitutes only a part of the consideration of the defendant's contract, and the defendant has actually received a partial benefit, and a breach on the part of the plaintiff might be compensated in damages, an action may be supported against the defendant without averring performance by the plaintiff; that where a party

has received a part of the consideration for his agreement it would be unjust that because he had not had the whole, he should enjoy that part without paying or doing anything for it; and, therefore, the law obliges him to perform the agreement on his part, and leaves him to his remedy to recover any damages he may have sustained in not having received the whole consideration."

In *Stavers v. Curling,* 3 Bing. (N. C.) 367, TINDAL, C. J., said: "The rule has been established by a long series of decisions in modern times, that the question whether covenants are to be held dependent or independent of each other, is to be determined by the intention and meaning of the parties as it appears on the instrument, and by the application of common sense to each particular case; to which intention, when once discovered, all technical forms of expression must give way. And one of the means of discovering such intention, has been laid down with great accuracy by Lord ELLENBOROUGH, in the case of *Richie v. Atkinson,* 10 East, 295, to be this: 'That where mutual covenants go to the *whole* of the consideration on both sides, they are mutual conditions, the one precedent to the other; but where the covenants go only to *a part,* there a remedy lies on the covenant to recover damages for the breach of it, but it is not a condition precedent.' "

In *Mill D. Foundry v. Hovey,* 21 Pick. 438, it was said by SHAW, C. J., that in order to construe a stipulation on one side to be a condition precedent to an obligation to perform on the other, it must in general appear, "1. That the undertaking on one side is in terms a condition to the stipulation on the other; 2. It must result from the nature of the acts to be done and the order in which they must proceed and follow each other in the progress of performance; 3. The non-performance on one side must go to the entire substance of the contract, to the whole consideration, so that it may be safely inferred as the intent and just construction of the contract that if the act to be performed on the one side is not done there is no consideration for the stipu-

[Fulenwider v. Rowan *et al.*]

lation on the other side. And, therefore, though there be a breach of an express or implied covenant on one side, attended with some loss and damage to the other, yet if it does not go to the whole consideration, and the loss can be compensated in damages, the stipulation must be construed to be independent, for the breach of which the party sustaining such loss has a remedy by action, but it is not a condition precedent, upon the non-performance of which the other party is absolved from the performance of the stipulations on his part."

These principles have been recognized by this court in a number of decisions.—*Weaver v. Childress,* 3 Stew. 361; *Jones v. Sommerville,* 1 Port. 457; *Hays v. Hall,* 4 Port. 374.

4. It is said that time was of the essence of this contract, but this could not be the case, since it was not so expressly stipulated by the parties, nor does it fol· law from the circumstances of the case.—*McFaddin v. Henderson,* 128 Ala. 221.

5. The facts stated in a number of the counts, were intended, and pertinent to that end, to show, even conceding,—which was not done,—that the last was an option contract, that defendants had waived the forfeiture therein and were estopped from setting it up.—*Lowery v. Peterson,* 75 Ala. 109, 113; *Wingo v. Hardy,* 94 Ala. 191; *G. H. Ins. Co. v. Allen,* 128 Ala. 451. In the first case cited,—75 Ala. 113,—it was said: "The condition in the contract or agreement of the parties, that in the event the vendee failed to pay the purchase money, as it became due and payable, the contract should be forfeited, and the purchaser bound to pay rent, was reserved for the benefit of the vendor, and, at discretion, he could dispense with or waive it. And it was dispensed with or waived by an act on his part, clearly evincing an intention to treat the contract as a valid subsisting contract of purchase."

The demurrers to the complaint should have been overruled.

Reversed and remanded.