[Gann v. Long & Son.]

# Gann *v.* Long & Son.

## *Breach of Contract.*

(Decided Nov. 14, 1911. 56 South. 606.)

1. *Contracts; Validity; Statutes*—The provisions of sections 2361, subd. 27 Code 1907 are obviously for revenue, and not intended as invalidating contracts; hence a contract for the purchase of cotton is not invalid because the buyer failed to pay the license as required by said section.

2. *Gaming; Futures; Crops to be Grown.*—The products of the soil yet to be grown are subject to a valid sale, and a sale of cotton to be grown is not such a deal in "futures" as is prohibited by section 3349 Code 1907, if there is no agreement that there shall be no actual delivery of the cotton, and that the transaction shall be settled on a future day by the loser paying the winner the difference between the market and contract price.

3. *Sale; Contracts; Mutuality.*—Where one person agrees to sell another a certain amount of cotton to be paid for at a stipulated price, and the buyer accepts a memorandum signed only by the seller, the contract was not incomplete, or lacking in mutuality, because the memorandum was not signed by the buyer, since the price to be paid by the buyer was the consideration supporting the promise.

APPEAL from Winston Circuit Court.

Heard before Hon. JAMES J. RAY.

Action by W. R. Long & Son against J. M. Gann on a contract to purchase cotton for future actual delivery. Judgment for plaintiffs and defendant appeals. Affirmed.

J. A. CURTIS, and W. L. CHENAULT, for appellant. The case at bar differs from that of *Sunflower Lumber Company v. Turner Supply Company,* 158 Ala. 191, and that case cannot be said to be an authority here. Subdivision 26 of section 2361 requires a license for one dealing in cotton, and section 7212 provides a penalty for doing business without license and section 2401 makes it unlawful for a person to do any act for which

[Gann v. Long & Son.]

a license is required without paying a license therefor. Hence the contract was voidable under the statute and the plea sufficiently set up that fact.—*Grant v. State,* 73 Ala. 13; *Koopman v. State,* 61 Ala. 70; *Shiff v. State.* 84 Ala. 454. It is well settled that when a contract is entire and a part of it is void, then the whole contract is void.—*Robertson v. Hays,* 84 Ala. 290; Clarke on Contracts, 471. A contract to do or have done something prohibited by statute is illegal and void though not so declared in terms and though no penalty is provided for doing the prohibited act.—*Robertson v. Hays, supra; McGee v. Lindsey,* 6 Ala. 16; *W. U. T. Co. v. Young,* 138 Ala. 240; *Moog v. Hannon,* 93 Ala. 504. See generally 49 Am. Rep. 131; 13 Am. Rep. 737; 11 Wheat. 258. All contracts based upon a violation of the public statute, or in violation of criminal laws are void.—*Kirby v. Fertilizer Co.,* 105 Ala. 529; *Wadsworth v. Dunham,* 117 Ala. 661; *W. U. T. Co. v. Young, supra.* Such a contract is void even in the hands of an innocent purchaser.—*Manning v. Manning,* 8 Ala. 138; *Gay v. Hicks,* 14 Ala. 564. The contract in question was a future or gaming contract and void.—*Perryman v. Wolf,* 93 Ala. 290; *Hawley v. Bibb,* 69 Ala. 52; *Lee v. Boyd,* 86 Ala. 282; *W. U. T. Co. v. Chamblee,* 122 Ala. 428.

BANKHEAD & BANKHEAD, for appellee. All the pleas were patently defective and subject to the demurrers interposed to them.—*Sunflower Lumber Co. v. Turner Supply Co.,* 158 Ala. 191. The crops to be grown are subject to a valid sale.—*Hobson v. Hirschfelder,* 59 Ala. 506. The plaintiff was entitled to the affirmative charge on the undisputed evidence in the case.—*McFadden & Bro. v. Henderson, et al.,* 128 Ala. 221; *McClesky et al. v. Howell Cotton Co.,* 147 Ala. 573.

WALKER, P. J.—This is an action for the recovery of damages for the alleged breach of a contract of the defendant to deliver to the plaintiffs three bales of cotton, of 500 pounds each, on or before the 15th day of November, 1909, at 10 cents per pound; the complaint alleging that the defendant failed to deliver the cotton according to the contract. It was decided in the case of *Sunflower Lumber Co. v. Turner Supply Co.,* 158 Ala. 191, 48 South. 510, 132 Am. St. Rep. 20, that a contract made by one not having a license, in a business on which a license is imposed by statute as a means of raising revenue, is not invalid, unless the statute prohibits the doing of such business without a license, or vitiates all contracts made in such business by unlicensed persons or corporations. Following that ruling, it must be held that there was no error in sustaining the demurrer to the plea setting up that the contract sued on was illegal and void because of the failure of the plaintiffs, whose principal business was alleged to be buying and selling cotton, to pay a license as required by law. It is plain that the license required by subdivision 27 of section 2361 of the Code to be paid by "each person, firm, or corporation whose principal business is buying cotton" is a revenue measure, pure and simple. It needs no argument to acquit the Legislature of any purpose to make the business of buying cotton a criminal occupation. The statute does not purport to invalidate an ordinary contract for the purchase of cotton by an unlicensed buyer.

It is familiar law that products of the soil yet to be grown or acquired may be the subjects of a valid agreement to sell.—*Robinson v. Hirschfelder,* 59 Ala. 503. The feature in such a contract which gives it the character of a prohibited dealing in "futures" is the existence of an agreement or understanding between the par-

ties, at the time the contract is entered into, that there shall be no actual purchase and delivery of the articles named, but that the transaction is to be settled on the basis of the market price at a date in the future, the losing party to pay the other the difference between the market price and the price named in the contract.— Code, § 3349; *Western Union Tel. Co. v. Chamblee*, 122 Ala. 428, 25 South. 232, 82 Am. St. Rep. 89; *Perryman v. Wolffe*, 93 Ala. 290, 9 South. 148; *Hawley v. Bibb*, 69 Ala. 52. The existence of this invalidating feature in the contract sued on was not alleged in either of the defendant's pleas which sought to impeach it as an illegal future contract. The demurrers to those pleas were properly sustained.

There is no merit in the suggestion that the contract sued on is to be regarded as incomplete, or as lacking in mutuality, because it was not signed by the plaintiffs. The acceptance by the plaintiffs of the defendant's obligation, evidenced by his signature to the writing, dispensed with anything further to be done to render it a complete contract. The price to be paid by the plaintiffs was the consideration moving from them to support the defendant's promise.—*Whatley et al. v. Reese*, 128 Ala. 500, 29 South. 606; *Fulenwider v. Rowan et al.*, 136 Ala. 287, 34 South. 975; *Ross v. Parks*, 93 Ala. 153, 8 South. 368, 11 L. R. A. 148, 30 Am. St. Rep. 47; Bishop on Contracts, §§ 76, 78.

The evidence without dispute showed a breach by the defendant of a valid written contract, and the court was not in error in giving the general charge requested by the plaintiffs.

Affirmed.