## In re BROWN.
### No. 42475.

District Court, N. D. Alabama, S. D.
Aug. 4, 1938.

Herbert Ward, of Birmingham, Ala., for bankrupt.

William Westbrook, Jr., of Birmingham, Ala., for reviewant.

MURPHREE, District Judge.

This is a petition by the Local Finance Co. for review of an order of the Referee that the petitioner cause its assignment of the wages of the Bankrupt to be dismissed. The certificate of review indicates that the Referee made this order for two reasons: (1) The petitioner had not paid a license to engage in the business of taking wage assignments under Schedule 195 of Section 1 of the License Code of City of Birmingham for 1937, as the Referee held he should have; and the lack of such license vitiated contracts made in pursuance of that business. (2) The Referee held that, despite the fact that the papers signed by the Bankrupt were nominated wage-purchases and expressly stated not to be loans, the Bankrupt had in fact borrowed as a loan $80 and had paid $8 semi-

monthly as interest over a period of at least ten months, or $160, at each payment executing a new nominal wage assignment as security for the loan; and that the loan was usurious and had been more than repaid and therefore there was no legal debt left for the wage assignment to secure.

■ With the Referee's first ground for ordering the wage-assignment to be dismissed we do not agree. While a license statute that provides for regulation of a business will make a contract by one operating in that business without a license a void contract (Talladega Fertilizer & Mfg. Co. v. Farmers' Union Warehouse Co., 2 Ala.App. 307, 56 So. 595; Brown & Oakley v. Raisin Fertilizer Co., 124 Ala. 221, 26 So. 891), if the license statute is solely for the purpose of raising revenue, failure to have a license will not vitiate a contract by one operating without a license. Morgan v. Whatley & Whatley, 205 Ala. 170, 87 So. 846; Sunflower Lumber Co. v. Turner Supply Co., 158 Ala. 191, 48 So. 510, 132 Am.St.Rep. 20; Gann v. W. R. Long & Son, 2 Ala.App. 274, 56 So. 606.

■ The license schedule of the City of Birmingham for money brokers engaged in taking wage assignments contains no provisions regulatory of that business, and appears to be exclusively for revenue purposes. Therefore, even if the petitioner should have a license under Schedule 195 and does not have such a license—matters which we see no occasion to determine—such lack of license would not vitiate the wage assignment given here.

But we believe the Referee properly caused the wage assignment to be dismissed for the second reason set out above. The petitioner contends that each successive wage assignment taken was a separate transaction, and that under the so-called Morrow Law, General Acts of Alabama of 1932, Ex.Sess., page 331, defenses under one loan cannot be used as to a separate loan. The clause of the Morrow Law relied upon is in Section 18 thereof, and is as follows: "Each loan shall be a separate and different transaction and neither the borrower or lender shall under one loan avail himself of any equity or security had under another or different loan."

■ We do not find any construction of this clause in the state court decisions, but the clause expressly applies only to separate and distinct loans. Here the Referee has decided upon the evidence that the dealings between the petitioner and the bankrupt here all constituted part of one loan. Consequently, the Morrow Law can place no obstacle in the path of the Referee's action.

The next question to determine is whether it was proper for the Referee to decide that the entire transaction was one loan, rather than successive purchases of wages or successive loans.

■ There can be no question but that a court of bankruptcy, being as it is a court of equity, can look to the substance of dealings rather than to form. In Samson Tire & Rubber Co. v. Eggleston, 5 Cir., 45 F.2d 502, the Circuit Court of Appeals held a transaction to be a sale, though the parties had termed it a bailment. In the case at bar, the Referee held that, since over a long period the wage assignments had been held only as security by the petitioner and not placed with the employer of the Bankrupt, and payments made semi-monthly just as interest would be paid, the transaction was really a loan with the wage assignment as security, despite this clause in the assignment: "It is distinctly understood by all parties to this transaction that this is a strict purchase by Local Finance Company, Inc., of the salary or wages of the undersigned; and it is not for any reason to be construed as a loan of money."

■ We hold that it was proper for the Referee to determine from the facts that this was really a loan transaction despite the terminology of the instrument.

Further, it was correct to determine that it was all one transaction rather than several. The fact that new papers are signed, or that new money is passed from hand to hand momentarily is immaterial and unsubstantial. See In re Cleapor, D.C. Ga.1936, 16 F.Supp. 481.

■ We note that it is especially true that the court will look through the form of a transaction to its substance where the form is used in an effort to avoid the laws of usury. See Lewis v. Hickman, 200 Ala. 672, 77 So. 46.

■ We conclude, therefore, that the petitioner here, being a lender who has received the return of his principal and more than legal interest thereon, has no debt against the bankrupt which the wage assignment may secure. Therefore, the Referee properly caused the assignment to be dismissed.

An order denying the petition for review and confirming the Referee will be entered.