(78 South. 383)

COOPER v. COOPER et al. (7 Div. 904.)

(Supreme Court of Alabama. Feb. 7, 1918. Rehearing Denied April 4, 1918.)

1. QUIETING TITLE ⊝=12(9) — SCRAMBLING POSSESSION.

Suit to quiet title is not maintainable by one whose possession of the land in controversy is not a peaceable one, but has been acquired by force or threats, and is at the time of suit disputed and is at best a scrambling possession.

2. SPECIFIC PERFORMANCE ⊝=94—DEFAULT OF COMPLAINANT.

Complainant cannot maintain suit to enforce a contract to sell land, where without legal excuse he declined to perform his part of the contract before. the sale was canceled by defendant and land resold.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Bill by Joseph Cooper against Julius B. Cooper and others. Decree for respondents, and complainant appeals. Affirmed.

Joseph Cooper, pro se. Isbell & Scott, of Ft. Payne, for appellees.

ANDERSON, C. J. [1] We fully agree with the trial court that the bill of complaint is far from perfect, and that much illegal evidence has crept into the record; but, after giving complainant the full benefit of the most favorable feature of the pleading, and after considering the legal evidence only, we think that he has failed to make out a case which would entitle him to equitable relief. If we treat the bill as one under the statute to quiet title, then the complainant has failed to show such a peaceable possession of the land, when the bill was filed, as would enable him to maintain the same. His possession, if any he had, was not a peaceable one, but had been acquired by force or threats, and was at the time disputed and, was at best a scrambling possession. Randle v. Daughdrill, 142 Ala. 490, 39 South. 162, and cases there cited.

[2] On the other hand, should we treat the bill as one for a specific performance of the contract to sell by the attorneys in fact, then the complainant has not shown such a performance or willingness upon his part to comply with the terms of the sale within such a reasonable time as would enable him to compel the respondents to perform the contract of sale. In other words, the proof shows that the complainant, without just cause or legal excuse, declined to comply with his part of the contract before

the sale was canceled by the respondents and the property resold by them. As the trial court properly held that the complainant was not entitled to relief, there was, of course, no error in taxing him with so much of the cost as was incurred by him.

The decree of the circuit court is affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.