(85 South. 476)

## FAMBROUGH v. TOWNSON. (6 Div. 68.)

(Supreme Court of Alabama. May 20, 1920.)

1. Contracts ⚖️117(5)—Agreement not to engage in barber business in certain town held not in restraint of trade.

Agreement by seller of barber shop not to engage in the barber shop business in competition with buyer in certain town *held* not void as in restraint of trade.

2. Specific performance ⚖️97(2)—Nonpayment of price installment will not defeat where money tendered.

In suit by buyer of barber shop business against seller for specific performance of agreement not to engage in the barber shop business in certain town, it was no defense that buyer had failed to make final payment on purchase price at time of filing of bill, where seller had refused payment thereof tendered by buyer, and where buyer, in bill, offered to do equity.

3. Specific performance ⚖️130—Court may require that equity be done as condition to relief.

In suit for specific performance, the chancery court has the power to require that equity be done as a condition precedent to relief.

4. Evidence ⚖️419(13)—Parol evidence of the full consideration for price held admissible.

Where written contract of sale of barber shop failed to show that the full consideration for purchase price was the purchase of the barber shop and the good will of the business, parol evidence thereof *held* admissible.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Bill by D. E. Townson against M. T. Fambrough, to specifically enforce a contract not to engage in business, by mandatory injunction. Decree for complainant, and respondent appeals. Affirmed.

Bill by appellee against appellant, seeking to restrain the respondent from the operation of a barber shop in the town of Oneonta, Ala., in violation of an agreement to that effect entered into between the parties January 15, 1919.

The bill as amended avers, in substance, that the complainant purchased the barber shop, with all the articles connected therewith, from the respondent for $750, and as a part of the contract of purchase the respondent agreed that he would not establish, or be concerned in the establishment or operation of, any other barber shop in Oneonta, except that of complainant's; and that he has violated said contract and is now operating another shop in said town, with his brother, without complainant's consent. It is further averred that at the time of the filing of the bill there was one note for $50, remaining balance due, which had not been paid, but that respondent had agreed with complainant, before its maturity, to extend the time of payment; that since the commencement of this suit the complainant has tendered the amount of said note, with interest and attorney's fees, to respondent, which tender has been refused, and complainant has paid said sum into court, agreeing to pay whatever amount this court might find to be due.

There were demurrers to the bill as amended for want of equity, and that the bill shows complainant had not complied with his part of the contract, and, further, an offer to pay the note after the filing of the bill is too late; and that the bill shows the agreement is void as against public policy. The demurrers were overruled.

Respondent answered the bill, denying the agreement not to engage in business was a part of the consideration of the contract, but admitted that he was engaged in operating a barber shop in Oneonta, and that, while he signed some paper in regard to the sale of his barber shop, it was after the sale was made, and not a part thereof, and that such contract was therefore void; further, a note of $50 was past due and unpaid at the time the bill was filed, and that he did not establish a barber shop until after this note became due. Respondent further avers that the town of Oneonta will support more than one barber shop, and that such contract is therefore void.

The testimony was heard orally before the court. The testimony for complainant supported the averments of the bill to the effect that he bought out the barber shop and business of respondent, and as a part of the consideration of $750 respondent agreed that he would not engage in such business in the town of Oneonta except in complainant's shop, and at the same time signed the following agreement:

"By the consideration of $750.00 I hereby agree to D. E. Townson that I will not establish or be concerned in the establishment or operation of any other barber shop except his in Oneonta, this 15th day of January, 1919. M. T. Fambrough."

The testimony shows that $600 was paid in cash to respondent, and three notes executed for the balance—all of which, except the note for $50 due April 1st, which time respondent had extended, had been paid at the time of the filing of the bill. It is further shown that complainant had tendered the amount due, and upon respondent's refusal to accept the sum was paid into court. Complainant further showed that the shop fixtures and articles alone were not of the value of $750, but that $500 would be a fair price aside from good will of the business. Respondent admitted signing the foregoing writing, but denied its execution at the time of sale, insisting it was subsequent thereto, and without consideration. Respondent further

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

denied agreeing to extend the time of payment of the note due April 1st, and insisted that the contract was void. Respondent objected to complainant's evidence to the effect that the writing formed a part of the contract of purchase.

There was final decree for complainant, from which respondent prosecutes this appeal.

Ward, Nash & Fendley, of Oneonta, for appellant.

The contract was void. 127 Ala. 110, 28 South. 669, 50 L. R. A. 175, 85 Am. St. Rep. 125; 199 Ala. 154, 74 South. 58. Complainant was not entitled to specific performance. 40 Ala. 42; 41 Ala. 251, 78 South. 383. The court erred in the admission of evidence. 3 Ala. 181; 6 Ency. Dig. Ala. § 351.

Russell & Johnson, of Oneonta, for appellee.

The contract was good, and not in unreasonable restraint of trade. 28 Ala. 544, 65 Am. Dec. 366; 108 Ala. 451, 18 South. 806, 54 Am. St. Rep. 177; 149 Ala. 133, 43 South. 131, 10 L. R. A. (N. S.) 204, 123 Am. St. Rep. 17; 176 Ala. 133, 57 South. 750; 10 R. C. L. 1042.

GARDNER, J. [1] Complainant seeks specific performance of a contract—the substance of which appears in the foregoing statement of the case—by means of injunctive process to prevent its violation. The agreement on the part of respondent not to engage in the barber shop business in competition with complainant, and under the repeated decisions of this court is not void as in restraint of trade. Smith v. Webb, 176 Ala. 596, 58 South. 913, 40 L. R. A. (N. S.) 1191. This authority fully sustains the validity of the contract here sought to be enforced.

[2, 3] Much stress is laid in argument of counsel for appellant upon the fact that one note for $50 due by complainant to respondent had not been paid at the time of the filing of the bill. But if complainant's evidence is to be accepted, it discloses a good excuse therefor. The bill offers to do equity, and in cases of this character the chancery court has the power to require that equity be done as a condition precedent to relief. This insistence is therefore without merit. Zirkle v. Ball, 171 Ala. 568, 54 South. 1000. There is nothing in the case of Cooper v. Cooper, 201 Ala. 477, 78 South. 383, which at all militates against this conclusion.

[4] The instrument very clearly did not set out the entire contract, in that it failed to show that the full consideration for the $750 was the purchase of respondent's barber shop and the good will of the business; and permitting this to be done by parol proof did not contravene any rule of evidence. Hamaker v. Coons, 117 Ala. 603, 23 South. 655; Vandegrift v. Abbott, 75 Ala. 487; Smith v. Rice, 56 Ala. 417; 3 Mayf. Dig. 553 et seq.

There is proof showing that respondent was reminded of this agreement at the time preparations were begun and expenditures made by him for another shop. We find nothing in the record indicating that it would be inequitable or unjust to have the agreement specifically enforced, but rather the contrary appears. The chancellor correctly awarded complainant relief, and his decree will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.