167 So. 274

### W. T. RAWLEIGH CO. v. CONE et al.

#### 7 Div. 374.

Supreme Court of Alabama.

April 9, 1936.

Victor Vance, of Gadsden, for appellant.

Rains & Rains, of Gadsden, for appellees.

BOULDIN, Justice.

W. T. Rawleigh Company sued Virgil Cone, and other appellees as his sureties or guarantors, on a standard form of buyer's and seller's contract, by which Cone became a dealer in Rawleigh products.

Error, if any, in sustaining demurrer to the original complaint was harmless, since the same cause of action was presented in the amended complaint, without other or additional burden on plaintiff.

Without dispute Cone became indebted to plaintiff for merchandise on which a balance of $275.49 was due at the time suit was brought, unless the plea of payment in short by consent was proven.

The evidence on this point was the testimony of defendant Virgil Cone to the effect that, in reply to a letter from him, the Rawleigh Company wrote a letter in substance agreeing to send W. J. Galbreath to take up the goods remaining unsold and take over Cone's accounts on his customers, and square the account against him. The alleged letter written by Cone to Rawleigh was not produced, and no demand for its production shown; but no objection at the time was made to the witness giving secondary evidence thereof.

Secondary evidence of the alleged letter from Rawleigh to Cone was admitted on proof of its loss, which appears sufficient as a predicate. Complaint was made on motion for new trial that this was all a matter of surprise, with no opportunity to rebut on the trial.

No point of the kind was made on the trial, nor was proof offered on the motion for a new trial.

Without question, however, the transaction between Galbreath and Cone following these alleged letters was in writing and introduced in evidence. It consists of a tripartite agreement, entitled "Bill of Sale and Order," including:

First. An "Offer to Purchase" by Rawleigh Company from Cone such items of Rawleigh products on hand as were fresh, clean, etc., and which W. J. Galbreath was willing to order and purchase.

Second. A "Bill of Sale" from Cone to Rawleigh of these articles fully listed in an itemized invoice.

Third. An "Order and Receipt" executed by Galbreath for the specific articles listed and accepted by him.

The "Bill of Sale" was executed by Cone and the "Order and Receipt" by Galbreath, and the entire document, with many stipulations, was acknowledged by both before a notary public.

The entire subject-matter is a repurchase by Rawleigh of certain stock on hand, and contemporaneous resale of same to Galbreath, another dealer.

It is expressly stipulated that the transaction is subject to the acceptance of Rawleigh Company at the home office, and is an Illinois contract; that the company will not buy or sell, charge or credit, any products not listed.

The price at which Galbreath took these goods was credited on account, reducing it to the above balance.

Two questions are properly presented by assignments of error.

█ The alleged letters, if ever written, were in negotiation of an accord and satisfaction. No evidence appears that Galbreath was ever authorized to receive or take over book accounts for plaintiff, nor that he undertook to do so. The whole course of business, as well as the writings evidencing the transaction, tend to negative any such authority. The evidence of Cone is that he turned over to Galbreath the book containing his accounts with customers, aggregating some $300. No list of same appears in the record. If the testimony of Cone warrants an inference that Galbreath took them over pursuant to authority from Rawleigh, this should have been submitted to the jury.

█ The charge given at the instance of defendants ignores this necessary finding of fact. It makes the accord and satisfaction complete if Cone did all he was required to do, regardless of whether there was an acceptance by Rawleigh or his authorized agent. This was error. Code, § 5642.

█ We are further of the opinion that the rule declaring all prior negotiations merged into the written contract purporting to cover the entire transaction has application here.

This rule, backed by wisdom and experience, is designed to preserve the sanctity of written memorials of transactions between men.

One of the sureties was present when this transaction with Galbreath was had. He disclaims any knowledge of accounts entering into the same.

That the defendant Virgil Cone understood the writings covered the entire transaction is evidenced by the last words of his own testimony:

"Recross-examination: * * *

"Q. Did you list those accounts you turned over to him? A. We listed them in this bill of sale.

"Q. Now show us where any of that list is. A. No, sir. It is not listed here, just only the products he got (is) are listed.

"Q. Did you list any accounts you turned over to him? A. No, sir.

"Q. How did you turn them over to him, in a book? A. Yes, sir, in a book called 'A bill of sales' of my sales. This bill Mr. Galbreath and I signed represents the dealings between Mr. Galbreath and myself and the company agreed to it.

"Q. And the company gave you credit for what you turned over to him? A. Yes, sir.

"Q. And you still owe the balance, whatever you lack, after getting credit for this, is that right? A. Yes, sir."

The affirmative charge, with hypothesis, requested by plaintiff in writing, should have been given.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.