195 So. 224

## CAY v. FERRELL.

### 7 Div. 611.

Supreme Court of Alabama.

March 28, 1940.

C. A. Wolfes, of Fort Payne, for appellant.

W. Jay Tindle and W. M. Beck, both of Fort Payne, for appellee.

FOSTER, Justice.

The question here involved is the sufficiency of a bill in equity, tested by the demurrer assigned, in which there is sought to be specifically enforced an alleged contract to buy a certain hotel together with "improvements, furnishings", etc., at the suit of the buyer who was put in possession under the contract.

The contract is alleged to be as follows:

"Mentone, Alabama, June 9, 1938.

"Florence G. Cay hereby agrees to sell, and F. L. Ferrell and wife, Nina Ferrell, hereby agree to purchase the following described real estate, on terms stated below:

"Property known as Riverside Hotel together with improvements, furnishings, etc., consisting of 15 or more acres, with buildings.

"The purchase price is to be $5500.00 payable $       as earnest money and part of the purchase price, receipt of which is hereby acknowledged, and the remainder payable to assume a certain first mortgage of $500.00 payable to the Bank of Rome, May 1939 and the remainder $5000.00 as follows: Said F. L. Ferrell and wife agree to pay 6% interest from date on the $5000.00, said interest to be paid July 15, 1939, and each year thereafter until paid.

"Said F. L. Ferrell and wife agree to make necessary repairs to comply with the State Board of Health. ,

"F. L. Ferrell also agrees to assume balance of approximately $150.00 on refrigerator and approximately on $40.00 on electric heater.

"Deferred payments to be secured by

"Sale subject to lease expiring        ,
19—.

"The seller is to furnish abstract of title brought down to date, said title to be good and merchantable, otherwise the earnest money is to be refunded. Taxes for current year to be

"Property to be conveyed by warranty deed.

"The trade is to be closed within     
days.

"Purchaser to assume all fire and tornado insurance on property at pro rata rates.

"Possession to be given.

————————, Agent.

"Accepted: Florence G. Cay, Seller.

"Accepted: F. L. Ferrell and wife, Nina Ferrell, Purchaser."

Appellant, who was the seller, and whose demurrer was overruled, contends, first,

that the contract is so uncertain and indefinite in same respects that it is not subject to be specifically enforced; that it leaves material matter for future negotiation, and does not sufficiently describe the property, nor show the maturity of the deferred payments.

There are several features left blank, but they do not indicate that they were to be filled by future negotiation. In treating the sufficiency of the contract, we will take it as written, with the blanks in it.

■ The first is as to the amount of the earnest money. We think the contract as a whole shows that none was to be paid. The next is the manner in which the deferred payments were to be secured. We take it that there was no agreement for their security. Likewise, that if there was an outstanding lease the sale was subject to it, though the date of its expiration is not stated. And that as to the taxes for the current year and date on which the trade was to be closed, there was no stipulation, but were subject to applicable principles of law. There is analogy in this respect to the contract held to be subject to specific performance in McCarty v. Harris, 216 Ala. 265, 113 So. 233, and to that treated in Matthews v. Bartee, 209 Ala. 25, 95 So. 289. See on this subject 25 R.C.L. 219, section 18.

■ Objection is also made to the sufficiency of the description of the property in the sale agreement, particularly as to the personalty. But we think it refers to the hotel as improved, equipped and furnished. And the description is aided by the fact alleged in the bill that the property was put into the possession of the purchaser. That circumstance has been held to make specific such a general description. Penney v. Norton, 202 Ala. 690 (4), 81 So. 666.

When a judgment or decree is for the recovery of land, the generality of the description and aid to be given it by extraneous matter is a subject which has had much discussion in our cases. The case of Bradford v. Sneed, 174 Ala. 113, 56 So. 532, has been modified or explained in later cases. Lessley v. Prater, 200 Ala. 43, 75 So. 355; Pippin v. Perry, 206 Ala. 582, 91 So. 307; Riddle v. Hanson, 208 Ala. 474, 94 So. 729.

But whether there is any proper distinction in this respect between the sufficiency of a description in a deed and one in a judgment for the recovery of land, it would seem on reason that the remedy of specific performance is in its essence more akin in this respect to a deed than to a judgment in ejectment. It is said in Rushton v. McKee, 201 Ala. 49, 77 So. 343, that all that complainant could ask would be that the contract be specifically enforced by compelling respondents to convey the property described in the contract.

■ We also observe that it does not seek an execution or writ of possession, nor does it call upon the sheriff to exercise any diligence in locating the property. The complainant is already in its possession. The description may well be tested by the rule applicable to deeds. Indeed, this Court has so treated the situation. Minge v. Green, 176 Ala. 343, 58 So. 381; Howison v. Bartlett, 141 Ala. 593, 37 So. 590; Id., 147 Ala. 408, 40 So. 757.

■ Again it is claimed that the bill does not show a present right to a specific performance because it does not show that complainant has fully paid the purchase money. It alleges that complainant has at all times stood ready and willing to carry out the terms of the contract but that respondent has breached her contract and refused to execute a deed of said property to complainant. It does not make an express offer to pay the purchase money upon a specific performance, nor does it show that an offer to do so was made prior to the institution of the suit as a condition to the alleged breach of the contract by respondent. But there seems to be no ground of demurrer taking the point.

■ The contract provides for the execution of a warranty deed. But it does not specify the conditions on which this is to be done, nor the time when payment of the purchase money is to be made. When there is no time fixed by express stipulation nor proper interpretation, either party may within a reasonable time offer to perform on his part, and call upon the other to do the same upon his own compliance. Penney v. Norton, supra (6). When a deed is to be executed upon the payment of a certain amount of cash, with the balance in deferred payments, it has been held that the purchaser is entitled to his deed upon paying the cash and giving his note for the deferred payments. Matthews v. Bartee, supra (5). When, by contract, one agrees to sell and another

to buy at a stipulated price, nothing else appearing to a different effect, the law interprets it to mean that compliance by each is to be concurrent with that of the other. Brady v. Green, 159 Ala. 482, 48 So. 807; Maury v. Unruh, 220 Ala. 455, 126 So. 113.

There being no time fixed for performance, the law fixes it at a reasonable time. Peck v. Ashurst, 108 Ala. 429, 19 So. 781; Cotton v. Cotton, 75 Ala. 345. If the time in which deferred payments shall be made has matured when the effort to obtain performance is made, then payment is a condition to the right to the performance. Peck v. Ashurst, supra.

There is a feature of the contract to the effect that interest is to be paid on a deferred sum named in it at six per cent. on July 15, 1939, and each year thereafter until paid. The first date has passed and no other date is named. Those provisions do not serve to render the contract so uncertain that the purchaser may not offer to pay the entire consideration including the amount of the outstanding mortgage due in May 1939, and have a deed to the property.

The bill would be subject to demurrer for not offering to make such payments. But we fail to find any such ground assigned. It is not rendered without equity on that account, for the court will decree performance only on such condition. Fambrough v. Townson, 204 Ala. 251, 85 So. 476; Alexander v. Abernathy, 215 Ala. 41, 108 So. 849.

It is also contended that the bill is subject to demurrer because the wife of complainant is not made a party, and that such a ground of demurrer was assigned and should have been sustained. She is a party to the contract as one of the purchasers, and it purports to be signed by her. The bill makes no allegation that she is not a party in interest, and that she was named for some other purpose. It is within the principle declared in Cunliff v. McPherson, 233 Ala. 513, 172 So. 597, where it was claimed that the husband was not a necessary party. The Court stated that in the absence of averment in the bill showing that Mrs. McPherson was the sole party in interest, her husband who joined in the contract was a necessary party. We think the bill was subject to that ground of demurrer.

On that account, the decree overruling the demurrer must be reversed, and the cause remanded so that it may be amended to meet that defect.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.