116 So.2d 605

Laurie Virginia **LONG**

v.

Louise B. **HIRS.**

I Div. 841.

Supreme Court of Alabama.

Dec. 17, 1959.

Vincent F. Kilborn, Mobile, for appellee.

Caffey, Gallalee & Caffey, Mobile, for appellant.

LAWSON, Justice.

This is an appeal by Laurie Virginia Long from a decree of the Circuit Court of Mobile County, in Equity, sustaining demurrer to that aspect of her bill as last amended which seeks enforcement of an option to repurchase certain property from the respondent, Mrs. Louise B. Hirs.

Mrs. Long owned a lot and the building thereon known as 1662 Government Street, Mobile, Alabama, subject to a vendor's lien held by one Evans.

Evans pressed Mrs. Long for payment. She made efforts to borrow money with which to satisfy Evans. To that end she approached one Doney, a real estate broker. Doney apparently contacted the respondent, Mrs. Hirs, who on July 8, 1955, directed a communication to Doney, which is made Exhibit B to the bill as last amended.

In Exhibit B Mrs. Hirs agreed to pay Mrs. Long $22,000 for the suit property; to lease the property to Mrs. Long for a primary term of five years, with an option to re-lease for a secondary term of five years, at a monthly rental of $300; and to grant an option to Mrs. Long "to re-purchase the above premises for Twenty Three Thousand ($23,000.00) Dollars cash at any time after one year of the primary lease period has run, or within the first year of the primary lease period, on payment of the rental under the lease for that period remaining in the first year under the primary lease period."

Mrs. Long accepted the offer on July 9, 1955.

Thereafter, Mrs. Hirs' attorney prepared a warranty deed for Mrs. Long's execution and a written agreement which embodied a lease and option to re-purchase. The deed was executed by Mrs. Hirs on August 3, 1955. Contemporaneously with the execution of the deed Mrs. Long and Mrs. Hirs executed the said written agreement which was made Exhibit A to the bill as last amended. Paragraphs 3, 4 and 5 of the said written agreement (Exhibit A) will be set out in the report of the case.

Mrs. Long paid the rent within the first five days of every month of the first year of the lease and observed each condition of the lease during that year, so that her right to repurchase during that year was maintained.

But Mrs. Long apparently defaulted in August, 1956. In September, 1956, Mrs. Hirs went into possession of the property and her possession continued to the time of the filing of the original bill on August 27, 1957.

Mrs. Long wants her property back. In her bill as last amended she sought to achieve that end on two theories. First, she sought to have the deed of August 3, 1955, and the said written agreement executed simultaneously therewith declared to be a mortgage and that she be permitted to redeem. Second, in the alternative, she sought a decree of "specific performance by respondent of the option provided in Exhibit B, hereto attached as the same is embodied in Exhibit A."

Demurrers addressed to the amended bill as a whole and to that aspect seeking to have the deed and written agreement of August 3, 1955, declared to be a mortgage were overruled and, of course, Mrs. Long cannot complain of such rulings.

Mrs. Long's complaint here, as shown at the outset of this opinion, is with that part of the decree of the trial court which, in effect, sustained Mrs. Hirs' demurrer addressed to that aspect of the amended bill which sought specific performance of the option to repurchase.

The bill as last amended must be construed as showing that Exhibit B was

wholly extinguished by the execution of Exhibit A, the written agreement of August 3, 1955, which is the final agreement between the parties and the only one upon which Mrs. Long is entitled to rely. The rule declaring all prior negotiations merged into the written contract purporting to cover the entire transaction has application here. W. T. Rawleigh Co. v. Cone, 232 Ala. 127, 167 So. 274.

The whole tenor of Exhibit A requires prompt payment within the first five days of a month of the monthly rental and faithful observance of all lease provisions during the prior month, as the essence of Mrs. Long's right to renew the "month-to-month purchase options."

Paragraph 3 of Exhibit A, in our opinion, deals with the conditions on which month-to-month options are granted during the entire primary term.

Paragraph 4 of Exhibit A, upon which Mrs. Long places emphasis, deals with the purchase price. It says that if the first year's month-to-month options have been continued until August 1, 1956, then, on and after August 1, 1956, the monthly options shall extend month-to-month thereafter to buy at $23,000 instead of $25,600.

We do not think it can be logically argued that Exhibit A gave a continuing option for the last four years of the lease wholly apart from the obligation to pay rent promptly on or before the fifth day of each month of each year of the lease. There were no monthly options except those granted on prompt payment of the rent for that month.

No allegations of the bill as last amended show the options were kept in force by payment of rent in the prescribed manner. No allegations are made that rent was paid for the month of August, 1956, and subsequent months, or that the lease conditions were observed for August and later months.

We hold, therefore, that the trial court correctly sustained the demurrer addressed to that aspect of the bill as last amended, which sought specific performance of the option to repurchase.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.