188 So.2d 774

**NATIONAL SECURITY INSURANCE COMPANY**

v.

**David Caldwell STEWART.**

3 Div. 176.

Court of Appeals of Alabama.

Nov. 9, 1965.

Rehearing Denied March 29, 1966.

275

Parsons, Wheeler & Rose, Birmingham, for appellant.

Jones, Murray & Stewart, Montgomery, for appellee.

CATES, Judge.

This appeal, submitted December 15, 1964, is from a judgment against the insurance company. The company's motion for new trial was overruled.

The question for decision is whether or not a State employee covered under a group policy of life insurance effectively elected on her retirement to have an individual policy. Stewart was the group policy beneficiary named by Ella S. Haigler, deceased.

## I.

### Facts Stipulated

Mrs. Haigler resigned as a State employee January 2, 1963, with effect at the close of business January 25. This was the day her accrued annual leave expired.

The payroll clerks made no deduction for payment of the premium due January 28 for Mrs. Haigler's group policy membership.

▉ The insurance company had issued Mrs. Haigler a certificate [1] which provided in part:

"4. Termination of Individual Insurance Except as provided under Sections of the Policy headed Extension of Death Benefit and Conversion Privilege, the insurance of the employee insured under the Policy shall automatically terminate immediately upon the earliest of the following dates: (a) the date of his failure to make, when due, any contribution toward the payment of premium to which he has agreed in writing, * * * (c) the date of termination of his employment with the Employer, * * *

"Termination of employment shall, for all purposes of this insurance, be deemed

to have occurred if an employee is pensioned or retired or is absent from active work for any other reason; but, the Employer may nevertheless consider any employee absent from active work because of sickness or injury as still employed, and the employer may also consider any employee absent from active work because of temporary layoff or leave of absence as still employed until the end of the policy month following that in which cessation of active work occurred. * * *" .

The certificate has no statement as to the conversion privileges here sought to be enforced. However, the parties stipulated, inter alia:

"4. Under the terms of the policy, the employee, upon written application made to the company and the payment of the first premium, within 31 days after the date of termination of her employment, had the right to convert her policy to an individual policy so that she might continue her coverage though she was no longer a member of the State employees group."

Mrs. Haigler, on February 26, 1963, wrote the company asking how she might convert to an individual policy. The company sent her a "mimeographed form letter dated March 7, 1963, * * * that she might, upon payment of a certain amount, convert her policy so that her insurance might be continued."

Thereafter, she sent the company a completed application form and premium check. The company returned the check refusing to issue an individual policy.

Mrs. Haigler died July 10, 1963.

---

1. White v. Mass. Mutual Life Ins. Co., 275 Ala. 581, 157 So.2d 6: "While a certificate issued by the insurer to the employer to be furnished to the employee as evidence of his insurance benefits is not to be ignored in construing the contract, the terms of the master policy are to govern unless the terms of the certificate contradict those of the master policy on a material point to such an extent as to silence the inquiry. * * *"

## II.

■ In view of the provisions of Code 1940, T. 28, §§ 17 and 75, the initial premium must be paid in advance in cash or its equivalent. Lamar v. Lowery, 41 Ala.App. 166, 124 So.2d 834.

■ The State Comptroller, as agent for the insurer (All States Life Ins. Co. v. Tillman, 226 Ala. 245, 146 So. 393 (hn. 1)), by failing to deduct any moneys from Mrs. Haigler's January pay checks did not abbreviate the period for which the insurance was paid up.

This conclusion we reach because, by definition, she was no longer insured when she ceased to be a State employee. Indeed, it could be argued that she ceased to be a State employee on the date of her last active work,[2] i. e., January 2. See White v. Mass. Mutual Life Ins. Co., supra.

■ Under the requisites of Code 1940, T. 13, § 66, we refrain from lengthening this opinion. A reference to the annotation in 68 A.L.R.2d 8, §§ 70–73, suffices to show that, except where statutes have intervened, Oklahoma appears to be the only jurisdiction which does not recognize that the conversion privilege in a group policy is an option.

■ The period of time within which an option is to be exercised is an inherent ingredient; and, unlike a contract which calls for no stated time for performance, the period of time in the case of an option is of the essence of the agreement. Long v. Hirs, 270 Ala. 131, 116 So.2d 605.

■ Mrs. Haigler failed to elect within the time specified.

Nor can the appellee adjure the doctrine of waiver.

---

:2. The stipulation fails to show any such provision of "active work" as is found in Schroeder v. John Hancock Mut. Life

■ We quote from Inland Mutual Ins. Co. v. Hightower, 274 Ala. 52, 145 So.2d 422:

"As stated so many times by our court, one cannot create a primary liability and extend the coverage of a policy by either waiver or estoppel. To create such a primary liability all the elements of a binding contract are essential, including a new consideration. Some of our cases holding to this effect and supporting Mooradian [Mooradian v. Canal Insurance Co., 272 Ala. 373, 130 So.2d 915] are: * * *"

See also Protective Life Ins. Co. v. Cole, 230 Ala. 450, 161 So. 818.

The judgment below is due to be reversed and the cause is remanded to the court below.

Reversed and remanded.

JOHNSON, J., dissents.

Ins. Co., D.C., 210 F.Supp. 756; 227 F. Supp. 622.