268 So.2d 14

**Billy L. SMITH and Sarah B. Smith**

**v.**

**Beulah Jackson CLEVELAND and husband,
J. G. Cleveland.**

**7 Div. 901.**

Supreme Court of Alabama.

Sept. 29, 1972.

Rehearing Denied Nov. 9, 1972.

John S. Casey, Heflin, for appellants.

**402**

Merrill, Merrill, Vardaman & Williams, Anniston, for appellees.

PER CURIAM.

Appellants, Billy L. Smith and Sarah B. Smith, complainants below, filed a bill in equity in the circuit court of Cleburne County seeking specific performance of an option contract to purchase a described tract of land from the appellees, respondents below, Beulah Jackson Cleveland and J. G. Cleveland. Decrees pro confesso were taken, but later set aside as to appellee Beulah Jackson Cleveland, the sole owner of the property. After a hearing in open court, the trial court entered a decree denying specific performance. In taxing the costs, the court assessed the costs of a survey against the appellees, and the balance of the costs were taxed one half each against appellants and appellees. Appellants' application for rehearing was overruled and this appeal followed.

On April 11, 1969, the parties to this suit entered into an option agreement to purchase the property in question, 247 acres of land, more or less. By its terms, the option could be exercised within one year from date of execution, under the following conditions: the option was irrevocable for the first four months from date of execution; thereafter, the sellers could terminate the option before the end of the one year period by giving the buyers ten days' written notice of intention to terminate; and, if the buyers did not thereafter accept the option within ten days, by written acceptance, the option would be cancelled. The option agreement provided that the sellers would pay the cost of any survey.

On October 2, 1969, the appellees (sellers) notified the appellants (buyers) in writing of their intention to terminate the option. On October 10, 1969, the appellants mailed notice of acceptance to the appellees.

The agreed purchase price set in the option contract was $35,000.00, the financing of which was arranged by the appellants through the Farmers Home Administration. Due to uncertainty of record ownership by the appellees of 28 acres, the F.H.A. required a survey and a policy of title insurance to be furnished by the appellees as provided under the terms of the option contract. The record revealed a lack of record title in appellees of 28 acres of the described tract and this 28 acres was excepted in obtaining the title binder.

On September 24, 1969, the funds from the F.H.A. were obligated for the approved loan to the appellants. On November 4, 1969, the appellants' attorney mailed a notice to appellees that the loan was ready to be closed and requested ten days notice in advance of a convenient time to close the loan. The deed from appellee was not executed, the loan was not closed, and this suit was filed seeking specific performance.

The trial court entered its final decree denying relief and assigned as grounds a finding that appellants did not appear to have the necessary amount of money available to pay for the land. Testimony revealed during the trial that the appellants agreed to furnish additional sums of mon-

ey in addition to the amount of the loan in order to establish an operating business on the land. This was to be done as a condition to receiving the loan from the F.H.A. The additional sum was $6,350.00, plus the sum of $600.00 to pay for the cost of the survey which had been made. There was a conflict in the testimony as to whether this additional sum would be available at the time the loan was to be closed and the trial court apparently denied relief upon a finding that the appellants would not be able to pay the additional sum to the F.H.A.

■ We have examined the record carefully and we find that the option was accepted by the appellants in compliance with all provisions of the option contract. We further find that the appellants notified the appellees within a reasonable time to furnish a deed to the appellants in order that the loan proceeds could be obtained and paid to the appellees.

■ The option contract contained no provision for a time limitation within which payment would be made by the appellants to the appellees. Thus, either party could, within a reasonable time, offer to perform and call upon the other party to do so. Cay v. Ferrell, 239 Ala. 297, 195 So. 224; Forrester v. Granberry, 211 Ala. 402, 100 So. 551.

On January 19, 1970, appellee Beulah Jackson Cleveland forwarded to appellants a letter proposing a discussion of the loan closing and suggested that the loan be closed on the next Saturday. She also gave the appellants a telephone number at which she could be reached prior to Saturday. However, it appears that after this the appellee Beulah Jackson Cleveland refused to go through with the sale.

Testimony further indicated that appellants' attorney or the loan closing attorney had requested that appellee Beulah Jackson Cleveland sign the deed in order that the loan could be closed on five separate occasions beginning in September 1969 and going through early January 1970.

The trial court made no finding that on February 2, 1970, the date of the filing of this suit, a valid, binding, and accepted option to purchase the property in question did not exist in favor of the appellants.

■ Assignment of error number 28 assigns as reversible error the trial court's denial of specific performance on the basis of an agreement entered into between appellants and the F.H.A. and the conclusions which the trial court drew from this testimony. We feel that this assignment of error is well taken. As pointed out above, the appellees had the right at all times to offer to perform and to call upon the appellants to do so. Thus, the cause is due to be reversed.

■ Assignments of error have been urged which relate to the discrepancy in acreage in which record title was not vested in either appellee, but evidence was offered which would tend to support adverse possession rights in appellee in this 28 acre tract. We point out that under the option contract the buyer without liability to the seller, could "refuse to accept conveyance of the property" because of defects in the title to the land described in the agreement. There is no corresponding right granted to the seller under this agreement to refuse to tender or deliver the deed.

The decree of the circuit court of Cleburne County must be reversed and the cause remanded for entry of a decree by the circuit court not inconsistent with this opinion.

The foregoing opinion was prepared by Circuit Judge JAMES H. CALDWELL, specially assigned to the Supreme Court by order of the Chief Justice, and was adopted by this court as its opinion.

Reversed and remanded, with instructions.·

HEFLIN, C. J., and COLEMAN, HARWOOD, BLOODWORTH, MADDOX, McCALL and SOMERVILLE, JJ., concur.