316 So.2d 675

**H. I. HOLK and Eula A. Holk**

**v.**

**Edna E. SNIDER.**

**S.C. 986.**

Supreme Court of Alabama.

March 6, 1975.

Rehearing Denied May 22, 1975.

Taylor D. Wilkins, Jr., Bay Minette, for appellants.

Wilters & Brantley, Bay Minette, for appellee.

FAULKNER, Justice.

On March 11, 1972, Mr. and Mrs. Holk signed an instrument designated an offer to purchase certain real estate in Baldwin County. The instrument was apparently drafted by Mrs. Frances Mallory, a real estate agent for Mrs. Snider. She had an exclusive listing of the property for thirty days. The offer was subject to three conditions:

1. The owner accepts an offer of $40,000 as consideration for the property, including earnest money of $500, a down payment of $10,000, and the balance payable in annual installments, under a contract and agreement to buy and sell between the owner and purchasers over a period of 5 years, with interest at 7% per annum.

2. The owner shall furnish a warranty deed when the consideration is paid in full. A survey and title insurance was also to be delivered to the purchaser when the contract price was paid in full.

3. The offer expired at midnight, March 25, 1972. If the offer were not accepted prior to March 25, 1972, the offer was null and void, and the earnest money was to be returned to Mr. and Mrs. Holks by Mallory. If the offer were accepted by Snider and not consumated by Mr. and Mrs. Holk within a period of thirty to sixty days after acceptance by Mrs. Snider, the earnest money was to be retained by Mrs. Snider as damages.

The Holks signed the instrument on March 11, 1972. The instrument shows on its face it was accepted by Mrs. Snider on March 15, 1972. Mrs. Snider and Mr. Henderson, one of the witnesses who attested her signature, testified at the trial that Mrs. Snider signed on March 11, 1972. Mrs. Snider relented on cross-examination and said she did not know whether she wrote the date of March 15 in the blank. On May 13, 1972, Mr. and Mrs. Holk executed a contract and agreement as purchasers. Meanwhile, Mr. Holk had given his personal check for $4,500 and his company's check for $5,000 to the agent, Mallory, representing the down payment when added to the earnest money of $500. The $4,500 check payable to Frances G. Mallory was deposited by the agent in her escrow account. The check for $5,000 payable to Frances G. Mallory was never deposited.

The contract and agreement was dated May 13, 1972, and was signed by Mr. and Mrs. Holk on that date as purchasers. The contract provided for the $10,000 cash payment, description, balance of $30,000 payable in annual payments of $6,000 over a period of five years at 7% interest per annum, immediate possession by the purchasers, delivery of a warranty deed, survey, and title policy upon payment of the purchase price in full, and a forfeiture clause in the event of default by the purchasers in the payments. The contract further provided that "Time is of the essence of this Contract."

A copy of the contract was mailed to Mrs. Snider on May 12, 1972, to the Beachcomber Restaurant, by certified mail, return receipt requested, by the agent. Approval of the contract and a proposed closing statement was requested of Mrs. Snider by the agent in the letter. The weekend was suggested as a time for closing. This letter was returned to the sender marked "Unclaimed" by the postal service. On June 2, 1972, another certified letter was mailed to Mrs. Snider by the agent, addressed to Mrs. Snider at 3806–9th Avenue, Wylam, Birmingham, Alabama. In this letter Mrs. Mallory related to Mrs. Snider that she had previously mailed to her a copy of the proposed contract signed by Mr. and Mrs. Holk. She further requested a closing time. This letter was returned to the sender as being unclaimed by the addressee. On June 19, 1972, a copy of the June 2 letter was mailed to Mrs. Snider at the Beachcomber Motel. It was also unclaimed and returned to the sender. On July 5, 1972, Mr. Holk wrote to Mrs. Mallory. A portion of the letter follows:

"As you know, this transaction was to be completed within thirty to sixty days and we paid the balance due on the down payment on May 13, 1972. As of this date, you have been unable to secure a contract and agreement signed by Edna E. Snider and to provide other items called for in the Officer [sic] to Purchase. In view of this, request that you return to us the amount paid as the balance due on the down payment, retaining the Earnest money Binder, and taking what legal action is necessary to secure a signed contract for the purchase of this property. Upon notification that Edna E. Snider has complied with her obligation under the accepted Offer to Purchase, we will pay the balance due on the down payment within ten days."

■ The principal disputes in this case are whether the instrument dated March

11, 1972, is a contract for the sale of land or an option to purchase land, and could it be specifically enforced in an action at law.

■ We construe the instrument to be an option to purchase the land in question. It appears from the record that all of the parties considered the instrument to be an option. It was called an option to purchase in paragraph 4 of the bill of complaint. We are of the opinion that the option can be specifically enforced. *Smith v. Cleveland*, 289 Ala. 401, 268 So.2d 14 (1972); *Fulenwider v. Rowan*, 136 Ala. 287, 34 So. 975 (1902). In *Fulenwider* this court defined an option as neither a sale nor an agreement to sell. It is simply a contract by which the owner of property agrees with another that he shall have the right to buy the property at a fixed price within a certain time. He does not sell his land; he does not then agree to sell it; but he does then sell something, viz.: the right or privilege to buy at the option or election of the other party. The second party gets *in praesenti* not lands, or an agreement that he shall have lands, but he does get something of value, that is the right to call for and receive lands if he elects. The owner parts with his right to sell his land, except to the other party for a limited period.

■ The contract here was mutual and binding on both parties. Mrs. Snider interprets the instrument as an option but says that time was of the essence; that the option was not exercised within sixty days from March 11, 1972. She disputes the fact that she accepted on March 15, 1972, the date appearing on the face of the instrument. She contends that she accepted on March 11. The date of acceptance and the date of exercise of the option are the major points of her argument. In our opinion her argument is without merit. The option did not provide that time was of the essence. The contract and agreement did provide for time being the es-

sence, but the option did not. Time is not the essence of a contract unless it is expressly stated by the parties or unless it naturally follows from the circumstances of the particular case. *McFadden & Bro. v. Henderson*, 128 Ala. 221, 29 So. 640 (1900); *Fulenwider, supra*. It does not appear from the record of this case that time was of the essence. Mrs. Snider refers to the fact that there appeared to be a "hurry-up" effort on the part of Mr. and Mrs. Holk to close on May 14, 1972, as being indicative that they considered time being the essence. She apparently overlooks the fact that Mrs. Mallory was her agent, and it was her agent who sent her the letters on May 12, June 2, and June 19, 1972, enclosing the contract and agreement for the approval of Mrs. Snider. We are not convinced from the evidence of the case that the parties intended time being the essence.

We are of the opinion that the evidence of this case does not sustain the action of the trial court.

The record shows that Mr. and Mrs. Holk have been ready, willing, and able to perform on their part since the date of the exercise of the option, and they are entitled to have specific performance.

Reversed and remanded.

BLOODWORTH, ALMON and EMBRY, JJ., concur.

HEFLIN, C. J., concurs in the result.

### ON REHEARING.

FAULKNER, Justice.

Mrs. Snider states in her brief on application for rehearing that time was of the essence of the option; that the court held time was not the essence of the option in this case.

Mrs. Snider cites *National Security Insurance Company v. Stewart*, 43 Ala.App.

274, 188 So.2d 774 (1965) and *Murphy v. Schuster Springs Lumber Co.*, 215 Ala. 412, 111 So. 427 (1926) as saying "the period of time in the case of an option is of the essence of the agreement." In *Murphy* Justice Somerville said in reference to an option that time is *ordinarily of the essence* and should be strictly construed. He further said, "the generally recognized principle that in option contracts, unless expressly negatived, time is always of the essence. . . ." Justice Somerville then construed the contract before the court as one being applicable to the strict rule of performance and held that the facts and circumstances did not excuse the delay in performance of the contract. In *National Security Insurance Company* the Court of Appeals said "the period of time in the case of an option is of the essence of the agreement," and the doctrine of waiver was not applicable.

This court said in the original opinion that, "It does not appear from the record of this case that time was of the essence." We construed the agreement, and from the facts and circumstances of this case, and the actions of the parties, concluded that the agreement was not one for strict construction.

Opinion extended.

Application for rehearing overruled.

HEFLIN, C. J., and ALMON and EMBRY, JJ., concur.

BLOODWORTH, J., concurs specially.

I concur in denying the application for rehearing, although I have concluded that I should withdraw my concurrence in Mr. Justice Faulkner's original opinion and concur specially. My reasons are stated below.

In the opinion, the written agreement dated March 11, 1972, is construed as an "option to purchase," the term of the option period being 60 days. The opinion then holds that a binding contract was created when the prospective purchasers attempted to "exercise the option" even though more than 60 days had elapsed at the time of exercise because the "option to purchase" did not expressly provide that "time is of the essence." I cannot agree.

In *Fulenwider v. Rowan*, 136 Ala. 287, 34 So. 975 (1902), the Court quoted with approval the following, viz.:

"In 28 Am. & Eng.Ency.Law (1st Ed.) 77, it is said: 'The right to purchase land is frequently the subject of contract, and such right may be styled an option. It is not an estate in land and an option is not a contract of sale. An option must be for a limited time, and if none is mentioned, will remain in force for a reasonable time to be determined under all the circumstances of the case. *Time is thus always of the essence of the contract.*'" (Emphasis supplied.) (136 Ala. at p. 304, 34 So. at p. 979)

The reason for this rule is explicitly stated in *Murphy v. Schuster Springs Lumber Co.*, 215 Ala. 412, 111 So. 427 (1926):

" 'It would be inequitable to hold one party bound beyond the time fixed for performance, and permit the other party, at his election, to postpone performance to suit his convenience or interest, with no obligation to perform at any time. * * * Again, to permit the optionee to await his convenience to comply with the terms upon which his option depends burdens the owner with obligation to hold the land in its uncleared, nonproducing condition, he paying the tax thereon.' (Citation omitted.)

"This is in accord with the generally recognized principle that in option contracts, unless expressly negatived, time is always of the essence of the contract. (Citation omitted.)" (215 Ala. at p. 415, 111 So. at p. 429)

Thus, it is well settled that in an "option to purchase" time is always of the essence unless the contrary appears and if an "option to purchase" is not exercised within the time provided, it expires by its own terms. Nevertheless, I concur in the opinion that the judgment of the trial court should be reversed.

In my judgment, the document dated March 11, 1972, is not an "option to purchase" but a binding executory bilateral contract. In such a contract, time is *not* of the essence unless expressly stated therein or unless it naturally follows from the circumstances of the particular case. *Fulenwider v. Rowan, supra.*

Therefore, I agree that appellants' tender of performance on May 13, 1972, came within a reasonable additional time (three days) and entitled appellants to specific performance of the installment purchase contract.

An examination of the document in question is necessary for understanding why this document is not an "option to purchase" but an executory bilateral contract to sell. The document provides as follows:

Contract & Agreement Snider-Holk

March 11, 1972

I, Frances G. Mallory, Agent, have on the above date received from H. I. HOLK and EULA A. HOLK, husband and wife, Earnest Money Binder in the amount of $500.00, and the following offer to purchase the following described real estate, subject to the terms and conditions as hereinafter set out, viz:

Lot 2, Block 1, of the Romeo-Skipper Subdivision of Gulf Shores, Alabama.

Subject to:

1. The Owner accepting an offer of $40,000.00 for the above described property, including the $500.00 Earnest Money Binder, with $10,000.00 being paid down, and the balance being payable under a Contract and Agreement to Buy and Sell between the Owner and the Purchasers, over a period of five (5) years, payable annually, plus interest at 7% on the unpaid principal balance due. The Purchasers shall have the privilege of pre-payment and no penalty.

2. The Owner shall furnish a Warranty Deed in proper Alabama form when the Contract and Agreement is paid in full. A Survey of the premises will be made prior to the execution of the Contract and Agreement, with a copy of the Plat and Certificate of Survey being given to the Purchasers, along with a Title Insurance Binder covering the property, showing that title to the property is in the Owner. A Title Insurance Policy showing free, clear and merchantible title to the property will be furnished by the Owner to the Purchasers at the time the Contract and Agreement is paid in full.

3. This offer shall expire at mid-night March 25, 1972. If this offer is not accepted prior to this time, then this offer shall be considered null and void, and of no force and effect, and the Earnest Money Binder in the amount of $500.00 shall be returned to Mr. and Mrs. H. I. Holk by Frances G. Mallory. If this offer is ac-

cepted, and the undersigned do not consummate the transaction after compliance by the Owner, within a 30 to 60 day period after acceptance of this offer by the owner, then the Earnest Money Binder shall be retained by the Owner as damages.

DONE this the 11th day of March, 1972.

Received for the Owner on
this the 11th day of
March, 1972.

| | |
|---|---|
| H. I. Holk | SEAL |
| Eula A. Holk | SEAL |

Frances G. Mallory

WITNESSES:

(Alameda Johnson)

(Frances G. Mallory)

Accepted this the 15th day of March, 1972.

Edna E. Snider　　　　　SEAL

WITNESSES:

E. Fox Henderson

Frances G. Mallory

---

This instrument contains an offer to purchase by appellants, the prospective purchasers. When appellee, owner, accepted that offer, an executory contract to buy and sell was created. Appellants' (purchasers) offer to buy was converted into a promise to buy and appellee's (owner) acceptance of the offer was converted into a promise to sell. Appellants did not purchase an "option to purchase" by giving $500 as *consideration* therefor. Appellants paid the appellee owner $500 as earnest money, or as a partial downpayment, which was to be kept by the owner as damages should the purchasers breach the bilateral executory contract by failing to perform. Furthermore, as the original opinion holds, the agreement contains the requisites for specific performance.

Regardless as to whether the agreement is labeled an "option to purchase" or an "executory contract to sell," it is clear that, as a matter of law, appellants did not breach the contract by being three days late. The agreement states that action by the appellants was due only after appellee, owner, furnished appellants with a certified survey and a title insurance binder for the property. Appellee owner never attempted to comply with these provisions.

The "contract and agreement" (referred to in the March 11 contract) is, in effect, a substitute for the deed and mortgage deed and is in substance an installment purchase contract, not unlike the traditional conditional sales contract, by which seller retains title pending payment of all the purchase price. The subsequent delivery of the deed at the end of the five-year term is analogous to the formal satisfaction or cancellation of a mortgage deed when the mortgage is paid in full.

Thus, it is that, although I cannot agree with parts of the original opinion, I do

concur in the reversal of the judgment of the trial court and in the denial of the application for rehearing.

ALMON, J., concurs.