This is an appeal by Earl Durden, d/b/a Earl Durden Signs, from a judgment ordering specific performance of a contract for the breach of which he has recovered damages of Furniture Fair of Dothan, Inc., a corporation, in a prior action.
On 10 September 1975, Durden filed an action, prior to filing this one, against Furniture Fair for breach of a written contract by the terms of which Durden was to fabricate and erect a sign for Furniture Fair for a consideration of $3000. The issues framed by the pleadings were whether Furniture Fair wrongfully repudiated the contract; whether Durden had procured it by fraud; whether it was entered into by mistake; whether it was a conditional contract to take effect upon the happening of a subsequent event which failed to happen; and whether, if Durden was guilty of fraud, Furniture Fair was entitled to recover on its counterclaim. After trial, on a jury verdict, judgment was entered in behalf of Durden and against Furniture Fair in the amount of $3,090; on 31 March 1976 a motion for new trial was denied.
This action was filed on 8 April 1976; it sought to compel Durden to perform the contract for the breach of which he had recovered judgment against Furniture.
Durden asserts defenses based upon res judicata estoppel because of Furniture Fair's denial of the existence of a valid contract in the former action; and Furniture Fair's lack of clean hands in seeking equitable relief when avoiding payment of the prior judgment and not tendering payment to Durden or depositing same with the trial court (The record shows the judgment was paid after this suit was filed). After trial, without a jury, the court below entered this judgment:
 ORDERED, ADJUDGED AND DECREED BY THE COURT that the Defendant, Earl Durden, fabricate the 6 ft. by 14 ft. sign reading "Furniture Fair" which sign is the subject matter of the contract between Plaintiff and Defendant dated July 30, 1975, and then deliver said sign to the Plaintiff at its business location in Dothan, Alabama. The Defendant shall not be required to perform any other terms of the said contract."
May one who has been sued for breach of contract, repudiates it, and denies its validity on the basis it was the result of fraud or mistake in its procurement later compel specific performance of that contract? This is the issue.
The controlling principle of law dictating the decision in this case is that a party who has not shown such a performance of, or willingness upon his part to comply with, the terms of a contract within a reasonable time may not compel performance by the other party to the contract. Cooper v. Cooper, 201 Ala. 477,78 So. 383. The record contains ample evidence to show that Furniture Fair repudiated the contract almost immediately after it executed it; when sued it denied the validity of it and counterclaimed for damages for the alleged fraud of Durden in procuring its execution. In the prior action, a jury resolved the issues against Furniture Fair; it would now seek to benefit from the breach by compelling Durden to perform. This it cannot do.
Specific performance cannot be enforced in favor of a party who has not fully and fairly performed all the conditions precedent on his part to the obligation of the other party. Tit. 9, § 57, Code.
Although raised on this appeal in an oblique way, the issues of res judicata or estoppel by judgment need not be reached. They were not addressed below with precision; by pleadings or trial. To adjudicate them here would necessitate writing to Rule 13 (a), ARCP, in a less than ideal setting. Better to await a case where those issues are squarely presented and the Rule directly pleaded. *Page 1377 
The judgment is reversed and the case remanded for entry of judgment consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, JONES and ALMON, JJ., concur.