FACTS AND CASE
Appellant, Bennie Herring, filed suit below for a declaratory judgment to define the terms of an option to purchase land from the appellees, Hubert and Mary Prestwood. The option granted Herring the right to purchase 320 acres of land from the Prestwoods for a purchase price of $208,000 consisting of a down payment of $96,000 with the balance of $112,000 to be paid in annual installments over a period of ten to twenty years with interest at 8%. The evidence is in dispute as to whether any consideration was paid for the option.
The first amendment to the complaint reworded the complaint to allege that the written option did not reflect the total agreement of the parties and added two counts to the complaint, one for breach of contract in refusing to convey, the other for fraud. Herring insists that the written option agreement is incomplete because it does not contain that portion of the actual agreement which would allow Herring to use the 320 acres as security for a loan to pay the down payment. The Prestwoods filed a motion to strike those allegations of the complaint which referred to the alleged oral promise and that motion was granted by the court because that court found proof of those allegations would be inadmissible. *Page 550 
The defendants filed a motion for summary judgment based on two grounds: (1) that there was no consideration given for the option, and (2) that the plaintiff had failed to make an effective tender of the down payment in offering to exercise the option and obtain his down payment by pledging the land to a lender simultaneously with his receipt of the deed. The defendants contended in their second ground for summary judgment below that to make an effective tender, plaintiff must pay $96,000 as a down payment to the defendants prior to receipt of the deed. The Circuit Court of Coffee County granted the defendants' motion for summary judgment on May 4, 1979, based on the second ground.
 ISSUE
The issue before this court is: Where an option to purchase real estate provides for a down payment, is the purchaser required to pay the stated amount of the down payment prior to delivery of the deed, in order to make an effective tender, or may the purchaser require delivery of the deed simultaneously with the payment of the down payment?
The argument of the appellees, with which the trial court agreed, was that prior to conveying their land, as promised in the option, they must receive $96,000 in cash. To allow these transactions to occur simultaneously, would in the words of the trial court, force the defendants to "provide a warranty deed to the plaintiff with no down payment whatsoever, whereupon the plaintiff would place a first mortgage on the property in the amount of $96,000, pay that money to Prestwood, and then . . give Prestwood a second mortgage upon said property for the balance in the amount of $112,000." However, it is our opinion that this procedure comports with the agreement of the parties as expressed in the option and with the uniform practice for paying a down payment on the purchase price for land where the contract for the sale of land does not otherwise provide.
The law is inveterate that the down payment on the purchase price for land is a concurrent condition with the transfer of the deed and not a condition precedent, so that it is not necessary that either occur before the other but they may occur simultaneously.
As Professor Corbin points out, "A transfer of ownership of goods or land and the payment of the agreed price in money or in other goods or land are performances that can be completely rendered simultaneously." A. Corbin, Corbin on Contracts OneVolume Edition, § 656, p. 627 (1952). Other treatise writers agree:
 Where the promised acts are capable of simultaneous performance, each duty of performance is constructively conditioned upon the conditional tender of the other. The primary application of this rule is in contracts for the sale of personal or real property.
J. Calamari and J. Perillo, Contracts, § 156, p. 244 (1970).
Citing the Alabama case of Cay v. Ferrell, 239 Ala. 297,195 So. 224 (1940), as authority, Corpus Juris Secundum states:
 Where covenants in a contract of sale are mutual and dependent, the acts required to be performed by the vendor and purchaser are concurrent, and the intention of the parties, as shown by a construction of the contract, governs in determining whether the covenants are dependent or independent, as discussed infra § 109, and the acts to be performed concurrent, or otherwise. This rule applies in determining whether the conveyance by the vendor and the payment of the purchase price by the purchaser are to be concurrent acts; BUT UNLESS THERE IS SOMETHING IN THE CONTRACT TO SHOW AN INTENTION TO THE CONTRARY, THEY WILL BE REGARDED AS CONCURRENT.
91 C.J.S. Vendor and Purchaser § 102, p. 994 (1955). (Emphasis added).
The option agreement in this case makes no statement as to when the down payment should be paid and therefore the payment of the down payment and delivery of the deed were concurrent conditions which *Page 551 
should have been fulfilled simultaneously. "When, by contract, one agrees to sell and another to buy at a stipulated price, nothing else appearing to a different effect, the law interprets it to mean that compliance by each is to be concurrent with that of the other." Cay v. Ferrell, supra. See also: Brady v. Green, 159 Ala. 482, 48 So. 807 (1909); Maury v.Unruh, 220 Ala. 455, 126 So. 113 (1930).
In Brady, supra, Brady and Green had entered into a contract whereby Green agreed to sell to Brady certain land on Madison Street in Tuscaloosa. Brady offered to comply with the agreement and sued Green when Green refused to sell. Green filed demurrers to the complaint and argued that Brady had never fulfilled his part of the bargain by tendering performance (in this case payment of $4,000) and absent such performance on Brady's part Green could not be put in breach of the contract. Justice McClellan, speaking for the Court, held:
 If actual tender of the money, rather than tender of performance, coupled with ability to perform, was required of the purchaser, whose actual performance was not contemplated by the parties to be more than a concurrent condition with that of his adversary to convey, he would be necessarily placed in the attitude of surrendering his money without the equivalent in return of the property he had engaged to buy. The readiness, willingness, ability, and offer of plaintiff to perform, and, on the other hand, the refusal thereupon of defendant to perform on his part, is averred. This phase of the demurrer was, therefore, properly overruled.
In Smith v. Cleveland, 289 Ala. 401, 268 So.2d 14 (1972), a case which is factually similar to the instant case, this court held that the trial court erred in denying specific performance and assigning as its grounds therefore that "appellants did not appear to have the necessary amount of money available to pay for the land." In Smith v. Cleveland, the Court held that either party, within a reasonable time, could OFFER TO PERFORM and call on the other party to do so. It is important to note that, in cases such as these, performance itself is not required to give rise to the other party's duty to render his performance but rather that a mere offer to perform gives rise to that duty of counter performance.
 We have examined the record carefully and we find that the option was accepted by the appellants in compliance with all provisions of the option contract. We further find that the appellants notified the appellees within a reasonable time to furnish a deed to the appellants in order that the loan proceeds could be obtained and paid to the appellees.
 The option contract contained no provision for a time limitation within which payment would be made by the appellants to the appellees. Thus, either party could, within a reasonable time, offer to perform and call upon the other party to do so. Cay v. Ferrell, 239 Ala. 297, 195 So. 224; Forrester v. Granberry, 211 Ala. 402, 100 So. 551.
Smith v. Cleveland, 289 Ala. 401, 268 So.2d 14 (1972).
We hold, absent a provision in the contract to the contrary, that the tender of a down payment on the purchase price for land is a concurrent condition with the transfer of a deed and these performances can be rendered simultaneously. We hold that the trial court erred in granting the defendant's motion for summary judgment based on the ground that the plaintiff failed to make an effective tender in offering to exercise the option and obtain his down payment by pledging the land to a lender simultaneously with his receipt of the deed.
The appellant also assigns as error the trial court's order striking those portions of his pleadings which allege that the written option did not reflect the entire agreement of the parties. A motion to strike is a severe remedy and should not be resorted to except in extreme and palpable cases. Cooper v.Cooper, 204 Ala. 183, 85 So. 468 (1920). A motion to strike should be granted only where the pleadings are unnecessarily *Page 552 
prolix, irrelevant or frivolous. Beatty v. Hartwell, 217 Ala. 239,115 So. 164 (1927); Harris v. Barber, 237 Ala. 138,186 So. 160 (1939). Lyons, Alabama Practice, § 12.13, p. 178 (1973). Those allegations of the complaint which alleged that the written option did not reflect the total agreement of the parties were not irrelevant and therefore it was error for the trial court to strike those portions of the complaint.
We do not deem it necessary to address the other issue presented in this appeal, which assigns as error the trial court's refusal to allow the jury to determine whether the written option contained the entire agreement of the parties, because our holding above that the purchaser made an effective tender of the down payment, by offering to pay the down payment simultaneously with his receipt of the deed, disposes of this issue.
REVERSED AND REMANDED.
BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.
 ON APPLICATION FOR REHEARING
On application for rehearing the opinion is extended to address the parol evidence rule issue, in order to give the trial court guidance on remand.
We hold that the trial court committed reversible error in finding that the parol evidence rule barred any testimony to the effect that the written option did not reflect the total agreement of the parties. The appellant contends that the entire agreement of the parties included the seller's agreement to allow him to place a first mortgage on the property. The appellee contends that the entire agreement included the buyer's agreement to abstain from placing any encumbrance on the property which would impair the vendor's lien. The written option is silent as to first mortgages. Because the writing does not cover the issue of first mortgages, parol evidence is admissible to establish the agreement of the parties.
 The parol evidence rule, therefore, does not apply to every contract of which there exists written evidence, but applies only when the parties to an agreement reduce it to writing, and agree or intend that the writing shall be their complete agreement.
[Citations omitted.]
. . . . .
 Where there exists doubt that the written agreement was ever intended to reflect the full agreement of the parties, the courts of this State have not hesitated to admit contradictory parol evidence. [Citations omitted.]
Hibbett Sporting Goods v. Biernbaum, 375 So.2d 431 (Ala. 1979) (emphasis added).
This writer expressed his understanding of the parol evidence rule in a dissenting opinion in Hibbett Sporting Goods, supra.
There he disagreed with the majority because the specific issue about which the admission of parol evidence was sought had been covered in the writing. In the instant case, the writing was completely silent as to first mortgages or vendor's liens.
 It is fundamental that the parol evidence rule prohibits the contradiction of a written agreement by evidence of a prior oral agreement. The rule provides that when the parties reduce a contract to writing, no extrinsic evidence of prior or contemporaneous agreements will be admissible to change, alter, or contradict such writing. Hartford Fire Insurance Co. v. Shapiro, 270 Ala. 149, 117 So.2d 348 (1960); Richard Kelley Chevrolet Co. v. Seibold, 363 So.2d 989 (Ala.Civ.App. 1978); 3 A. Corbin, Corbin on Contracts § 573, at 357 (1969). When the writing is a final expression of the parties' agreement, it is said to be integrated. If the writing is final but not complete, it is partially integrated and consistent terms only can be supplied by extrinsic evidence. If the writing is final and complete, it is totally integrated and not even evidence of consistent terms can be admitted. J. Murray, Jr., Murray on Contracts § 105 (1974); J. Calamari 
J. Perillo, The Law of Contracts § 40, at 76 (1970). *Page 553 
 Whether the instrument is a final and complete expression of the agreement is to be determined from the conduct and language of the parties, the surrounding circumstances, and the instrument itself. Southern Guaranty Insurance Co. v. Rhodes, 46 Ala. App. 454, 243 So.2d 717 (1971); Pasquale Food Co. v. L H International Air, Inc., 51 Ala. App. 127, 283 So.2d 438 (1973); 9 J. Wigmore, Evidence § 2430, at 98 (3d ed. 1940). In making such a determination, "the chief and most satisfactory index for the judge is found in the circumstance whether or not the particular element of the alleged extrinsic negotiation is dealt with at all in the writing. If it is mentioned, covered, or dealt with in the writing, then presumably the writing was meant to represent all of of the transaction on that element; if it is not, then probably the writing was not intended to embody that element of the negotiation." Id. at 98-99; Southern Guaranty Insurance Co. v. Rhodes, supra.
Hibbett Sporting Goods v. Biernbaum, 375 So.2d at 437 (Ala. 1979).
Since the written option in the instant case was silent as to vendor's liens or first mortgages, it does not embody that element of the negotiation and parol evidence is admissible to establish the understanding or agreement of the parties in regard to a first mortgage.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.